## DEVEAU *vs.* FOWLER.

The creditors of a patnership have an equitable right to payment out of the partnership effects, in preference to the creditors of the individual partners.

Where, on the dissolution of a copartnership existing between D. & F., D. agreed with F. that F. should take all the stock and effects, and pay all the debts due by the firm, and afterwards F. became insolvent, and threatened to dispose of all the partnership property, and appropriate the same to his own individual use, leaving the debts unpaid; upon a bill filed for that purpose, an injunction was granted, restraining F. from disposing of the partnership property in a different manner from that stipulated in his agreement with D.

Where the administrator of a deceased partner assigned all his interest in the partnership effects to the survivor, under an agreement that the latter should discharge all the debts of the firm, it was held, that this assignment and agreement did not destroy the lien or equity which existed in favor of each partner, on the dissolution, to have the partnership property applied to the payment of the partnership debts.

April 19th.

THIS was an application to dissolve an injunction, for want of equity appearing on the face of the bill. The parties were partners in the boot and shoe business. On the dissolution of the copartnership, it was agreed that the defendant should take all the stock and effects, and pay off all the debts due by the firm, and indemnify the complainant against the same. The bill alleged that the defendant was insolvent, and that he threatened to dispose of all the partnership property, and appropriate the same to his own individual use leaving the debts unpaid. The complainant prayed for an injunction

and receiver, and that the property and effects which former-

ly belonged to the firm, might be applied in payment of the partnership debts.

*W. Silliman*, for the complainant.

*J. Hoyt*, for the defendant.

THE CHANCELLOR. The case of *Smith* v. *Haviland and Field*, before Chancellor Jones, in June, 1827, appears to be decisive as to the question raised by his bill. From the reporter's note of the decision in that case, with a copy of which I have been furnished, it appears that the administra- tor of a deceased partner assigned all his interest in the part- nership effects to Haviland, the survivor, under an agreement that the latter should pay and discharge all the debts of the ' firm. The surviving partner became insolvent. The bill alleg- ed that he had also assigned over his property, including the effects of the late firm, to Field, and that the complainant was apprehensive that the effects would be wasted, leaving the debts unpaid. It therefore prayed for an injunction ; and that the property, or so much thereof as was necessary, should be applied to satisfy the partnership debts. A demurrer to the bill was overruled. The defendant Haviland then put in an answer denying the assignment, and also denying any agree- ment that the effects of the firm should be applied to the pay- ment of the debts of the partnership which had been assum- ed by him ; and he insisted that the complainant had no in- terest in those effects, either under the agreement or other- wise ; but that they were his sole property. The chancel- lor held that the effect of the agreement was to transfer all the equitable rights of the deceased partner to the survivor, who had the legal right before ; he becoming responsible for the payment of all the debts of the firm, whether the proper- ty was sufficient to pay them or not. That the agreement only transferred the interest of the administrator in the sur- plus, if any there should be ; but did not destroy the lien or equity which existed in favor of each, on the dissolution, to have the partnership property applied to the payment of the debts.

I can see no reasonable objection to this decision in point of equity, where the rights of bona fide holders of the property are not affected. It must therefore be considered the settled law of this court. Several questions of this kind have recently arisen in England. But as the decisions appear to have turned on the construction of a particular provision in their bankrupt law, giving the property to the creditors of such person as should be the visible owner. &c. I do not consider it necessary to notice them particularly. (In Re Gilpin, 3 Dow. & Ry. 636. Ex parte Burton, 1 Glynn & Jam. 207. Ex parte Usborne, id. 458. *Lingen* v. *Simpson*, 1 Sim. & Stu. 600.) It is a well settled principle of equity that the creditors of a partnership concern have an equitable right to payment out of the partnership effects, in preference to the creditors of the individual partners. The fair presumption, in the absence of any express agreement to the contrary, therefore, is, that it was not the intention of the complainant that the effects assigned to the defendant should be appropriated to the private use of the latter, leaving the debts of the firm unpaid.

The motion to dissolve the injunction must be denied, with costs.