Bosworth, Ch. J.
Devoe and the creditors of the old firm have an equitable right to insist that the assets of the old firm 'be applied to pay its debts. (Deveau v. Fowler, 2 Paige, 400.) The agreement of Dayton and Wilkes to so apply them is in accordance with such equity.
Can Devoe compel the plaintiff in this suit to make him a party to it, to enable him to set up and obtain a judicial determination of the claim above stated ?
The second sentence of section 122 does not confer on him that right, unless this be “ an action for the recovery of real or personal property ” within the meaning of that section. It is not an action to recover real property. Chapter 2, of title VII, of part II, of the Code, (p. 311, Voorhies’ Code of 1857-8, § 253,) and sections 277, 289, subdivision 4, and section 304, subdivisions 2 and 4, show very clearly that an action “ for the recovery of *657 personal property ” is something entirely different from a suit by one partner against another, to procure a dissolution of the firm and an administration of its assets.
Whether a complete determination of the controversy between Dayton and Wilkes cannot be had, without prejudice to the rights of Devoe, or by saving his rights, and without his presence as a party, is not to be determined on a motion like the present. That is a matter for the determination of the Court before which the cause may be tried, or brought to trial. The present motion, therefore, cannot be granted. But Devoe may have a stay of proceedings in this suit long enough to enable him to institute a suit, upon a complaint properly framed to present his claim. If the suit in the Supreme Court is adapted to this object, a discontinuance of it and commencing a new suit in this Court would seem to be a useless expense.
The institution of a suit in this Court, would make it necessary to discontinue the one in the Supreme Court.
I see no reason why the complaint in the suit in the Supreme Court, if not now in the proper form, may not be so amended as to enable the whole controversy to be determined by one action. But of- this the petitioner must judge for himself.
The most relief that can be granted on the present motion, is an order staying proceedings in this action, except on the part of the receiver to collect and preserve the assets, for ten davs, to enable Devoe to institute an action against Dayton and Wilkes and apply for such relief as he may be advised. He must pay $7 costs of opposing this motion.