EZRA P. DAVIS, RECEIVER, ETC., APPELLANT, v. FRANCIS MORRIS, ET AL., RESPONDENTS.

*Pleading—Equitable relief first—Lease—Assignment.*

Under the Code, the same complaint may contain legal and equitable causes of action; the legal causes should be tried by a jury, and the equitable may be tried by the Court.

When the Court erroneously decide, on motion of Plaintiff, that the Defendant is not entitled to a jury because the complaint sets up an equitable cause of action, it is no waiver by the Plaintiff of any legal cause of action contained in his complaint; and should he fail to establish an equitable cause of action, he may, nevertheless, recover upon any legal cause of action which he may establish, as contained in his complaint.

To render the assignee of a lease liable for rent to the lessor, the whole term must be assigned and transferred to the assignee. Therefore, an assignment reserving the last day of the term, does not render the assignee thus liable to the lessor.

PRIOR to eighteen hundred and fifty-two, Nicholas Dean had been duly appointed by the Court of Chancery receiver of the rents and profits of lot 212 Broadway, in the city of New York.

In that year an order was duly made by the Supreme Court, empowering and directing said receiver to lease the same for twenty-one years to the highest bidder, subject to be sooner terminated upon certain contingencies not material in the present action.

The lease was to bind the lessee to erect upon the lot a building, costing not less than ten thousand dollars, which was to be left upon the lot at the expiration of the term. Dean, pursuant to said order, leased the lot for the term, upon the conditions specified, to Defendant Hudson, at an annual rent of fourteen thousand five hundred dollars, payable quarterly. Soon after the execution of said lease, and on the 25th day of March, 1853, Hudson executed to Defendant Morris an instrument, by which he transferred to him all the unexpired term of said lease, except the 'last day thereof, with the right to surrender the same by Morris to Hudson at any time after the expiration of three years,

subject to the rents, covenants, conditions, and provisions contained in said lease. This instrument was executed by Hudson and Morris. The lease provided that in case the rent was not paid as it became due, or any of the covenants of the lessee were not performed, the lessor, &c., might re-enter, and that the lease from thenceforth should be void. On the same twenty-fifth of March, Hudson and Morris made another agreement, in writing, reciting the transfer to Morris as above, and providing that Morris should advance to Hudson fifteen thousand dollars for the purpose of erecting the building required by the lease, and that Hudson should furnish the additional funds requisite for that purpose, unless Morris should choose to advance an additional amount; and providing, further, that the interest in the lease transferred by Hudson to Morris, and the building to be erected upon the lot, should be owned equally by the parties, as tenants in common, and that Hudson should superintend the erection of the building, and have charge of letting the same, and that Morris should collect the rents, and take the charge of the financial matters, and that taxes, &c., and all rents running and becoming due on said lease, after the completion of the building, should in the first instance be paid out of the rents and income of the building; and providing that the rents accruing upon the lease before the completion of the building should be paid by the parties equally.

The contract contained various other provisions, not material to the present case. On the 10th of June, 1853, the Defendants, Hudson and Morris, made a further agreement, in writing, by which, after reciting the agreement of the 25th of March last above stated, provided that Hudson, in consideration of one thousand dollars, bargained, sold, and assigned, and transferred to Morris all his (Hudson's) right, title, and interest, property, profit, claim, and demand, under and by virtue of said last-mentioned agreement, and in and to the premises therein mentioned, provided that nothing contained should in any manner whatsoever affect the right of Morris to surrender the said premises in the manner mentioned and set forth in the assignment of the same to Morris.

MORRIS went into possession, erected thereon an expensive building, paid the rent reserved by the lease until May, 1855, and remained in possession until May, 1857, during which last period he paid four thousand dollars rent only upon the lease.

In July, 1857, Dean having died, and the Plaintiff having been duly appointed receiver in his stead, entered upon the premises for non-payment of the rent reserved by said lease, and evicted the Defendant therefrom, and still remains in possession of the same. The issues joined were brought to trial by the Plaintiff, at a Special Term of the Supreme Court; and, upon the trial being moved, the Defendant demanded the cause be tried by jury. This was denied by the Court, and an exception duly taken.

Upon the trial the Plaintiff offered to prove that Hudson, during all the time Defendant was in possession, and still, was insolvent.

This evidence was rejected by the Court, to which the Plaintiff's counsel duly excepted. The Plaintiff further offered to prove that Morris, while in possession, received rents and profits to an amount equal to that due the Plaintiff for rent upon the lease.

This evidence was also rejected by the Court, to which the Plaintiff's counsel duly excepted. At the close of the proof, the Defendants' counsel moved to dismiss the complaint, which was granted by the Court, to which Plaintiff's counsel excepted.

The Plaintiff made no request to proceed to a recovery of a separate judgment against Hudson, and the Court made no ruling upon this point.

The judgment dismissing the appeal was affirmed by the General Term, from which the Defendants appealed to this Court.

*Mr. J. H. Reynolds* for Appellant.

*Messrs. Russell & O'Connor* for Respondents.

GROVER, J.—This action was brought by the Plaintiff, as receiver, to recover rent due upon a lease of lot 212 Broadway, in the city of New York, given by the Plaintiff's predecessor, as receiver, to Hudson, one of the Defendants.

The Plaintiff claimed to recover against the Defendant Morris upon equitable grounds, and therefore brought the case to trial at a Special Term, when the Defendants insisted that the cause should be tried by a jury.

This was denied by the Court, and the cause tried without a jury. The Defendants' counsel now insists that this was a waiver by the Plaintiff of any right of recovery upon strictly legal grounds, and that, unless it appeared upon the trial that the Plaintiff was entitled to recover in equity, the judgment dismissing the complaint should be affirmed, although it appeared that the Plaintiff was entitled to recover at law.

This position cannot be maintained. The Code (§ 69) abolishes the distinction between actions at law and suits in equity, and provides that thereafter there shall be in this State but one form of action for the enforcement or protection of private rights. Section 142 provides that the complaint shall contain a plain and concise statement of the facts constituting a cause of action. Where, as in the present case, the complaint states facts showing, as the Plaintiff claims, a right of recovery both in equity and at law, the question as to how the case is to be tried arises. The Constitution, article 1, § 2, provides that the trial by jury, in all cases in which it has heretofore been used, shall remain inviolate forever; but a jury trial may be waived by the parties in all civil cases, in the manner to be prescribed by law. At the time of the adoption of the Constitution all cases at common law were tried by jury. It follows that any party has the right to have any such action so tried at the present time, and that the Defendant cannot be deprived of this right, by the Plaintiff including in his complaint a statement of facts arising out of the same transaction, showing a right of recovery in equity. Suits in equity were never tried by jury, unless an issue was ordered by the Court for the trial of some specific fact. Under the Code it is clear that the facts entitling the party to both kinds of relief may be included in the same complaint, and both obtained in the same action, when arising out of the same transaction. The right founded upon the common law must be tried by

jury, and it would seem to follow, necessarily, that the entire cause must be so tried, as no provision is made for the trial of the issues joined in the same action. It would follow that, when a Plaintiff moved the trial of a case at Special Term, and the Defendant demanded that it be tried by jury, that the Judge must determine whether any of the grounds upon which a recovery was sought were such as, at the adoption of the Constitution, were redressed solely by an action at law, and if so, should direct the cause to be tried by a jury, at a Circuit, or, at all events, should refuse to try the cause without a jury. But should the Judge decide erroneously in this respect, and proceed to try a cause without, which should be tried by a jury, on motion of the Plaintiff, it would not operate as a waiver of any of the legal rights of the Plaintiff; and should the Plaintiff fail to show himself entitled to any equitable relief, but should show a right to legal relief, the Judge should not dismiss the complaint, but still order the case to be tried by a jury, as an action at law. If the above views are correct, it follows that it must be determined in the present case whether the Plaintiff could recover the rent, or any portion of it, of Morris, either at law or in equity.

There are general grounds upon which it is insisted that Morris was liable to pay the rent in equity, although held not liable at law.

First, that the assignment of the lease on the 25th March, 1853, being made subject to the rents, covenants, and conditions, &c., mentioned in the lease, created a charge upon the property for the payment of the rent; and Morris, having accepted the assignment and occupied the property, became liable in equity for its payment. No authority sustaining this proposition is cited by the counsel, nor have I found any.

It is in conflict with the well-settled rule in regard to the acceptance of a conveyance of real estate, encumbered at the time, made subject to such encumbrance..

In this class of cases it is well settled that no liability, either at law or in equity, is imposed upon the grantee. The holder of the encumbrance has no remedy against such grantee personally,

however long he may have enjoyed the possession, or whatever profits he may have received therefrom.

I do not see how equity can give any additional force to these words, when used in the assignment of a lease, to what it gives them when found in a conveyance.

To hold in the former a liability was created, and not in the latter, in the absence of any sound reason for the distinction, would be absurd. I can see no reason for making any such distinction in such cases. Whether Morris is bound to indemnify Hudson against the claim for rent, is a question not arising in the present case, as the Plaintiff has no right of subrogation to any such claim, if it exists. Hudson can in no sense be regarded as the surety of Morris for the rent. To establish any such relation it must first be shown that Morris is liable to the Plaintiff therefor, which is the point for the Plaintiff to establish.

Morris did not become liable in equity to the Plaintiff by reason of his possession and receipt of the rents. Were this so, every tenant holding by lease from the original lessee would be liable to the first lessor, for such tenant receives the profits; yet the books furnish no trace of such a liability in equity.

This affords a strong argument that such liability does not exist.

It is insisted that by the agreement of March 25 a quasi partnership was created between Hudson and Morris in the leasehold premises and building erected thereon, and that, by agreement, the rent in question was payable out of the rents to be received for the building, and Morris, having received the rents, is in the situation of a partner having in his hands funds of the firm applicable to the payment of its debts; and is therefore bound in equity so to apply such funds.

Deveau v. Fowler (2 Paige, 400) is cited in support of this proposition. This leads to an inquiry whether the agreement of March 25, 1853, created a partnership between Hudson and Morris. If it did, the proposition of the Plaintiff's counsel is sound, if the rents were received under that agreement. But that agreement created no partnership.

It provided for the erection of the building, and that the parties should own the same together, with the leasehold premises, as tenants in common, and further provided what disposition should be made of the funds thereafter received for rent of the building. This agreement was between the parties for the application of funds belonging to them in common, but contained no undertaking to pay the whole or any part to third persons. No such persons are named in the agreement. While either party could maintain an action against the other for the breach of the agreement, the Plaintiff acquired no right of action against both or either of the parties for such breach.

My conclusion is that the Plaintiff failed to show by the evidence given, and that offered upon the trial, any right to equitable relief.

It remains to inquire whether he showed, or offered to show, any legal liability against Morris for the payment of the rent. It is clear that no such liability was incurred by accepting and executing what was called the assignment of the lease by Hudson to Morris, reserving to the former the last day of the term.

The settled rule is, that to render the assignee of the lessee liable for the rent to the lessor, the entire term must be transferred to the assignee (Eaton *v.* Jacques, 2 Douglass, 459; Van Rensselaer *v.* Gallup, 5 Denio, 460). Nothing contained in the agreement of March 25th, which was made and executed by the parties contemporary with the transfer of the lease, and made to effectuate the same general intent, created any such liability. This agreement left the last day of the term of the lease exclusively to Hudson.

There is nothing in the agreement giving Morris any right to the premises for that day. There is no doubt but that the reservation of this last day by Hudson was the result of a design of the parties to prevent Morris becoming liable for the rent. There does not appear to have been any other reason therefor. The parties had the right to make their contract as they did to accomplish that object.

No liability was created against Morris for the rent within the

principle of Lawrence *v.* Fox (20 N. Y. 268), for the reason that there was no agreement by Morris to pay the rent received, or any portion of it, to the Plaintiff.

The principle of that case is, that when a party agrees to pay another a sum of money, when the consideration is rent received from a third person, the contract inures to the benefit of the former, who can maintain an action thereon for the recovery of what is so agreed to be paid. To bring a case within this principle there must be an agreement to pay to such party.

That is not this case. Here there is nothing but an agreement between parties determining what application shall be made of a sum of money belonging to them ; and although they agree that the rent in question shall be paid out of this money, no right of action against both, or either of the parties, accrues to the Plaintiff upon the agreement. The only remaining ground of liability claimed against Morris arises upon the agreement of June 10, 1853.

It is claimed that this agreement gave Morris the entire term of the lease, including the last day.

If this be so, Morris became liable as assignee of the lessee for the rent to the Plaintiff, while he continued the owner of the term. This is conceded by the counsel of the Defendant. In this agreement that of the 25th of March is recited, and Hudson, for the consideration of one thousand dollars, as expressed in the agreement, sells and transfers to Morris all his interest under and by virtue of said recited agreement, and to the premises therein mentioned, providing that the agreement should not affect the right of Morris to surrender the premises as provided in the assignment of the lease.

The inquiry is, whether the parties intended by this agreement to transfer to Morris the last day of the term. This depends upon the meaning of the word premises as first used in the agreement.

This meaning can only be determined by reference to the residue of the agreement, as the word is used to express a great variety of ideas. It may mean the term, or other matters specified in the recited agreement, or it may mean the lot covered by the lease, or the term for which it was leased, or all these matters.

My conclusion would be that it embraced the two latter, more than aught else, in the agreement. To prevent such conclusion, the right of surrender is carefully reserved to Morris.

It was an undisputed rule of the common law that an estate could not be transferred by surrender, unless the surrenderee was the owner of a reversion in which the estate surrendered would merge or be attached.

This right of surrender could only be available in case Hudson retained his reversion of the last day of the term, and therefore shows that it was the intention of the parties that this last day should not be transferred to Morris, but retained by Hudson.

This, I think, controls the meaning of the word premises, and shows that it was not designed to embrace the term specified in the lease.

This being so, Morris did not, by this agreement, become the owner of the entire term, and is not liable as assignee to the Plaintiff for the rent in question.

The fact that the Plaintiff has already recovered the premises, together with the valuable building thereon, can have no bearing upon the determination of any of the points involved in the case.

Notwithstanding he has acquired this building by virtue of the lease, he would still be entitled to a separate judgment against Hudson for the rent, had he asked for such judgment.

But as no such judgment was asked for by the Plaintiff, the judgment as to Hudson cannot be reversed upon this ground. The above views, if correct, show that the insolvency of Hudson, and the amount of rent received by Morris, were wholly immaterial questions.

The evidence offered upon these points by the Plaintiff was properly excluded.

The judgment appealed from should be affirmed.

All concur, BOCKES and PORTER, JJ., in result.

JOEL TIFFANY,
State Reporter.