*495
By the Court:

Monell, J.
The right of the plaintiff to retain the injunction and receiver in this case depends upon the effect which is to be given to the sale and transfer to the defendant of the partnership property, and his agreement to pay the partnership debts, and hold the plaintiff free therefrom.
A naked transfer from one partner to another of his interest in partnership property vests the title absolutely in the latter, discharged of all lien or equity of the former; and it is only where the outgoing partner has reserved to himself the right to have the partnership property applied to the payment of the partnership debts that a court of equity will compel such application. An outgoing partner who transfers the whole partnership property to the remaining partner has a right thus to protect himself; and upon sufficient covenants on the part of the remaining partner, to devote the partnership property to the payment of the partnership debts, a lien may arise, which a court of equity may possibly enforce on behalf of the outgoing partner. The reason in such a case would be that, notwithstanding the dissolution of the partnership and the transfer of the partnership property, the outgoing partner remains liable for the partnership debts, and, therefore, would have a right to require their payment by the remaining partner out of the partnership property, the consideration for which being the transfer of the partnership property, and which right he could secure by suitable and sufficient stipulations on the part of the remaining partner.
But I am not aware that it has anywhere, except in two eases, been held that a mere agreement on the part of the continuing partner to pay th!e partnership debts and to indemnify the retvring partner, was sufficient to enable such partner to invoke the aid of a court of equity to enforce such agreement, by compelling the application of the property to the payment of such debts.
In Deveau v. Fowler (2 Paige, 400), upon a dissolution of a *496 copartnership, it was agreed that one partner should take all the stock and effects and pay the partnership debts, and indemnify the retiring partner against them. Upon allegations that the defendant was insolvent, and that he threatened to dispose of the property and appropriate it to his own use, leaving the debts unpaid, an injunction was granted and sustained. That case is referred to and sanctioned by the vice-chancellor (Whittlesey) in Rebb v. Stevens (Clark 191, 195), where creditors sought to enforce the equity of the retiring partner.
These are the only cases which go to the extent of upholding the injunction in this case, and the former loses much if not all its force as an authority by the doubt subsequently expressed by the chancellor in Ketchum v. Durkee (1 Barb. Ch. R., 480), that he was not quite certain that the court gave the proper construction to the agreement of the parties in that case, in supposing that the intention was that the copartnership debts should be first paid out of the proceeds of the property, before the purchaser should be permitted to apply any part of that property to other purposes. And the latter case, in which the vice-chancellor followed Deveau v. Fowler, must be considered as correspondingly weakened.
The general principle, as stated by elementary writers, is, that it is competent for partners, in cases of a voluntary dissolution, to agree that the joint property shall belong to one of them; and if such agreement be bona fide, and for a valuable consideration, it will transfer the whole property to such partner, wholly free from the claims of the joint creditors (Story on Part., sec. 358; Collyer on Part., sec. 174; Gow on Part., 3d ed., 237 to 241).
And this is so, although the whole or a part of the consideration of the transfer is, that the partners taking the property shall pay the debts of the partnership. The reason is, that in such a case the retiring partner, who so transfers his share, has no lien on the property for the discharge of the debts; for, by his voluntary transfer, he has parted with it and trusted to the personal security and personal contract of the other partners. Story on Part., sec. 359, and Collyer on Part., sec. 894, where the leading *497 English case of Ex parte Ruffin (6 Ves., 119), and the case of Ex parte Freeman (Buck, 471), and Ex parte Fry (1 Glyn and Jam., 96), are referred to as authorities in support of the text.
In Ex parte Williams (11 Ves., 3) Lord Chancellor Eldon declared there was no equity in favor of a retiring partner where the consideration for the transfer was wholly or in part a covenant to pay the debts and indemnify the retiring partner, “ so conceived as not to leme any Men v/pon theproperty.”
The English cases are, I think, entirely uniform, and sustain the proposition that unless a lien on the property is expressly preserved in favor of the retiring partner, the remaining partner takes an absolute title discharged of all equity.
In Sage v. Chollar (21 Barb., 596) this precise question was involved and decided. There a sale had been made and a covenant of indemnity given. Judge Harris says (p. 598): “ If the partner taking the transfer has agreed to pay the partnership debts, the partner making the transfer, though he still remains liable for those debts, can only look to the personal security of his copartner for indemnity.”
Judge Hasten (of the Buffalo Superior Court), in a carefully considered opinion in Smith v. Howard (20 How. Pr. R., 121), entertains the same view. He says, when the partner sold, he did not reserve any lien upon the property, but took merely the personal undertaking of his vendees to pay the debts. Had he reserved a lien upon the property for the payment of the debts, the creditors of the firm might have availed themselves of that lien.
But the more recent case in the Court of Appeals, Dimon v. Hazard (32 N. Y. R., 65), must, I think, be considered as controlling. In that case, the continuing partner received all the assets of the firm and “ assumed ” all the debts, and the court held that, as the transfer had been honestly made, and for a valuable consideration, the property had thereby become his separate estate, wholly free from any claims of joint creditors.
The clear weight of authority, therefore, seems to be, that unless the retiring partner reserves a lien upon the partnership property, *498 so as to require its application to the payment of the partnership debts, the vendee will take an absolute title; and that a mere personal covenant to pay, or of indemnity, will not give such a lien.
These questions have usually arisen in actions instituted by the joint creditors to enforce the equity of the retiring partner. In those cases it has been held that such creditors might be substituted in equity to the rights of the' partners, as being the ultimate cestui que trusts of the fund to the extent of the joint debts. But no such equity can be worked out by creditors except through some equity of the partners, and if the partners have none the creditors can have none.
I confess that my first impressions were strongly in favor of sustaining the injunction in this case; but the examination of the cases to which I have referred has satisfied me that such impressions were erroneous.
It was made a point by the plaintiff that under the agreement of indemnity he, as between himself and his partner, became a surety merely, and therefore had a right to compel payment of the partnership debts by the principal debtor. But I do not perceive how that helps this case, which is not to compel a performance of the defendant’s covenants, but to compel the application of property to which the defendant has an absolute title to the payment of the firm’s debts. It may be that the plaintiff, without either paying or waiting to be prosecuted for the partnership debts, might have a judgment against the indemnitor, requiring him, as the principal debtor, to satisfy such debts. But in such an action he could not reach the partnership property, nor would he be entitled to an injunction restraining its •disposition.
The order appealed from should be reversed, with costs.