### PARKER v. LANEY, appellant.

*Trial — action to restrain nuisance, not triable by jury — findings by court upon testimony given before jury.*

Plaintiff brought an equitable action to restrain a nuisance and for damages caused by such nuisance. Defendant demanded a trial by jury, which was granted. The jury found in favor of plaintiff for $25 damages. The court then, upon the evidence given before the jury, found the facts relating to the equitable questions in the case and gave judgment for a perpetual injunction and $25 damages.

*Held,* that defendant was not entitled to a jury trial. In an equitable action for relief against the continuance of a nuisance, and where the demand of damages is a mere incident to the equitable relief, the action cannot be tried by jury.

The commission of appeals did not hold to the contrary of this principle in *Hudson* v. *Cary,* 44 N. Y. 553. The head note stating that it did so is erroneous.

*Held,* also, that the order having directed the cause to be tried by a jury the court could not, except with the consent of the parties, solely upon the evidence taken before the jury, find the facts by which the right of the plaintiff to equitable relief was to be determined.

THIS is an appeal from an order made at special term refusing to set aside a judgment rendered at the Monroe circuit by reason of irregularity.

The action was brought to restrain the defendant, who occupied premises adjoining those of the plaintiff in the city of Rochester, from disturbing the plaintiff in the enjoyment of his premises, by reason of noise caused by carrying on a tin-shop, and by loading and unloading iron, etc., etc., on defendant's premises, and by offensive

odors produced by drying green sheep skins and rags on the same premises, and for damages caused by these nuisances.

What defendant's answer contained does not appear, but it is to be presumed some or all of the allegations of the complaint were denied or there would be no necessity for a trial.

Both parties noticed the case for trial at a special term in Monroe county, and it was there tried as an equity cause and judgment ordered for the plaintiff.

This judgment was set aside and a new trial ordered by the general term.

The cause was again noticed for trial at a special term, and, when it was moved, the defendant's counsel objected to a trial by the court and insisted that it should be tried by a jury, and the court held that it should be so tried and ordered it over to the then next circuit for a trial by a jury.

The cause was tried at the circuit before a jury and a verdict in favor of the plaintiff for $25 was rendered.

After the rendition of the verdict (the plaintiff's counsel says in his affidavit) there were two arguments before the judge holding the circuit as to his finding upon the equitable questions in the case, the defendant insisting that all that the court could do, under the circumstances, was to enter a judgment on the verdict in favor of the plaintiff for $25, and in favor of the defendant for the costs of the action.

The court, without examining any other witnesses, and solely on the evidence given before the jury, proceeded to and did find the facts relating to the equitable questions in the case, and ordered judgment for a perpetual injunction and for the $25 damages, together with the costs of the action.

The defendant moved to set aside these findings and the judgment entered thereon, by reason of irregularity. The motion was denied, and from that order this defendant appeals.

*Wheeler & Bates*, for appellant.

*J. A. Stull*, for respondent.

MULLIN, P. J. The party injured by a nuisance had, before the Code, a remedy by action to recover the damages sustained by him. 1 Chitty Pl. 142. He might proceed by writ of nuisance, as regulated by the provisions of the Revised Statutes (2 R. S. 256 [2d ed.]),

and he might file his bill in equity to restrain it, and, as incident to such relief, recover the damages suffered by reason of the nuisance. 2d Johns. Ch. 272; 3 Sandf. 129, note; id 281. By the Code (§ 453), the writ of nuisance is abolished, and the remedy by action substituted therefor.

In the first two modes of proceeding the trial was by jury; in the third by the court, unless issues were directed to be framed and tried by a jury.

Were it not for the head note in the case of *Hudson* v. *Caryl*, 44 N. Y. 553, I should have been of opinion that the action brought under the Code to restrain a nuisance was an equitable one, and triable without a jury.

In that case the reporter makes the court hold that in an action to abate a nuisance and recover damages occasioned thereby, a trial by jury is a matter of right. And even if the complaint is in form as for equitable relief against the continuance of a nuisance, and the prayer for damages may be regarded as incidental thereto, yet as the existence of an alleged nuisance and the amount of damages were both inquired of by a jury before the adoption of the present constitution the constitutional guaranty of trial by jury applies to such an action as one of the cases in which it " has been heretofore used."

If the last clause of the head note was a correct statement of the decision of the court it would be the law, whatever might be thought of its soundness.

By this statement of the decision the learned commissioner who delivered the opinion is represented as holding that in equitable actions for relief against the continuance of a nuisance, and where the demand of damages is a mere incident to the equitable relief, the cause must be tried by a jury.

The court, if I understand their opinion, does not so hold.

The action in that case was a substitute for the remedy by writ of nuisance, and as the issues in that form of proceeding must be tried by a jury, the action that is substituted for it must also be so tried.

The reporter was doubtless misled by the first sentence of the learned commissioner's opinion, in which he says: " Before as well as since the writ of nuisance was by the Code abolished the right existed to maintain an action for the removal of a nuisance which, when brought, was exclusively of an equitable cognizance, properly triable at special term and not by a jury."

This is the only portion of the opinion in which any reference is made to a remedy in equity in case of nuisance.

That the injured party has a remedy in equity to restrain a nuisance, is an elementary principle of equity. That remedy has not been taken away, and that by action under the Code as a substitute for the remedy by writ of nuisance substituted in its place.

The equitable action could not, and cannot be tried by a jury, and the commission of appeals has never so decided. The case did not call for any such decision, and it might well be treated as *obiter*, had it assumed so to decide.

This action was undoubtedly an equitable action, and triable by the court without a jury.

Whether the complaint had two counts in it — one for equitable relief and the other for damages, we are not informed, but I infer that there was but one count, and the damages were claimed as incidental to the equitable relief.

The court sitting in equity was competent to ascertain the damages, and it was not a matter of right to try that question before a jury.

Either party might have applied to have an issue framed to be tried before a jury, and it is possible that the court might require it to be so tried.

Where the complaint contains more than one cause of action, and one or more of them must be tried by a jury, all the causes of action must be tried by a jury. *Davis* v. *Morris,* 36 N. Y. 569.

The special term was in error when it directed this case to be tried by a jury, because : 1st. The complaint contained an equitable cause of action only and, 2d. It was not a matter of right in either party to try the question of damages before the jury; they were not set out as a separate cause of action, and the court at special term was competent to try that question.

Had the plaintiff appealed from the order of the special term, directing the trial of the cause by a jury, the difficulty into which the parties have fallen would have been obviated.

The error might have been corrected on an appeal from the judgment, but as the plaintiff recovered it was impossible for him to review the ruling unless he also appealed from the judgment.

No reason occurs to me, why plaintiff might not have appealed from the order directing the trial of the cause by a jury.

By the order the whole case was directed to be tried by the jury, not the question of damages only. Had the parties conformed to

the order, the case would have been disposed of by a verdict and judgment, that would, at least, have been regular. But they proceeded and tried the question of damages only, and the jury rendered a verdict in favor of the plaintiff upon that issue.

After the verdict the court proceeded to find the facts, by which the right of the plaintiff to equitable relief was to be determined, without any new or other evidence than that taken before the jury.

This could not be done without consent of the parties.

The plaintiff, if he wished to avoid a second trial, should have called on the court to submit to the jury specific questions of fact, and take their findings thereon, and the judgment would have been rendered in accordance with these findings.

It is his fault that the case was not so tried.

The defendant, having demanded a jury trial, would not be heard or permitted to allege that the verdict, or the judgment upon it, was irregular. He has not had a trial of the whole case by jury, and while the order of the special term remains in force he cannot be required to accept any other.

While the verdict stands there can be no further trial of the issues before the jury, and the defendant has the right to require a judgment to be entered on that verdict. To allow the entry of such a judgment would be grossly unjust to the plaintiff. And it is the duty of the court to relieve the parties of their complications, and to enable them to obtain a judgment, after a full and fair trial of all the issues in the cause.

It seems to me, therefore, that we must hold that the question of damages has been, by the consent of parties, or by the order of the court, tried and determined by the jury; and that the equitable cause of action remains to be tried by the court, and that it is to be brought to trial at a special term, upon the usual notice.

The defendant, in his notice of motion, did not ask to set aside the verdict, and we cannot, for that reason, grant that relief; even if, under the circumstances, it could be set aside on motion.

By this disposition of the case we protect both parties, and secure them a full and fair trial of all the issues, without violating, as we think, any rule of law.

The order of the special term is reversed and findings by the court set aside, and case ordered to be heard at special term on the equitable cause of action, without costs of appeal to either party.

*Ordered accordingly.*