By the Court.—Speir, J.
The action is brought to recover the quarter’s rent from November 1,1875, to February 1, 1876, alleging that defendant became the assignee of Ward. The complaint contains a separate allegation that the defendant was liable to pay the quarter’s rent to the plaintiffs, by reason of his use and occupation. The answer admits the making of the lease, that Ward entered into possession of the premises, and the demand for rent. It denies every other allegation.
If the defendant is liable for the rent to the plaintiffs, in either of the above characters, the judgment appealed from should be affirmed. The premises in question must have been occupied by the defendant, either as sub-lessee of Ward, or as his assignee of the . term, or as tenant of the plaintiffs. By the terms of the lease, Ward covenanted with the plaintiffs not to let or under-let the premises, without the written consent of the plaintiffs; and no such consent is claimed. Privilege was given to sub-let part of the store. There was no agreement to under-let proven, nor is there any fact proved by which an under-letting could in fairness be inferred. It is not to be presumed that Ward and the defendant would transfer the lease, or the term, in such a way as to cause a breach of the express covenant, if by any other mode possession could be acquired by the defendant without producing such a result.
*494 The action for use and occupation is founded upon contract, and lies only when the relation of landlord and tenant exists. Such relation does not appear in the case. The power to occupy and enjoy must be given by the landlord to the tenant. The defendant’s power was derived from Ward, the lessee, who held the unexpired lease from the plaintiffs. The presumption upon the facts proved would be that the transfer to the defendant was by assignment and not by under-letting. The defendant by arrangement held for the whole residue of the term, and his partnership agreement with Ward extended beyond the term (Davis v. Morris, 36 N. Y. 569). The business of the firm was carried on at the premises, and the rent was paid by the firm to the plaintiffs up to November, 1875. The partnership was dissolved on the 18th of said November. The notice of dissolution provided that all debts owing the partnership were to be received by the defendant, and all demands against it were to be presented to him for payment. Appended to this notice was the following: “ The business will be conducted in the name of Walter B. Whiting,” the defendant, “as successor to Ward, Dickson & Co., at 296 Broadway, New York City,” being the demised premises. The defendant remained in possession of the premises until February 1, 1876, when he was ejected by the plaintiffs, and for the same reason as the lessee could have been ejected, had he continued in possession and failed to pay. The defendant had collected the rents from the sub-tenants who had been put into possession of parts of the store by the lessee, including the quarter’s rent for which this action was brought, and put the money in bank to his own individual account.
When the transfer is for the whole term the person taking is an assignee and not an under-tenant, although there is a formal under-letting. ‘‘ The ordinary distinction between an assignment and an under-lease is, that *495 the former transfers the land for the whole term, the latter for only a part of it” (1 Hilliard’s Abridgment, 126, § 55).
It being shown that the defendant occupied the whole of the unexpired term of the lease to Ward, or could have done so by his arrangement with Ward, in the same manner as Ward could, by paying rent to the plaintiffs, the fair presumption is that he entered for the whole unexpired term, and as such interest is given, not by an under-lease but by an assignment, the further presumption must be that the defendant was in as assignee, and not as under-tenant. If he was in as under-tenant, he would not be liable to the plaintiffs for rent, either in an action on the lease, or for use and occupation (Woodfall's L. & T. 358 ; 1 Chitty Pl. 36).
The evidence clearly established a prima fade case of an assignment to the defendant of the term. If there was, in fact, no assignment, the defendant could not be made liable. But as the law infers an assignment from certain facts proved, the inference must be of a valid operative assignment, sufficient to -transfer the term. The onus was on the defendant to prove either that there was no assignment, or that it was void in law. Instead of making such proof, he rests upon the case as made by the plaintiffs, andas the case made fixes his liability, he should not complain (Bedford v. Terhune, 30 N. Y. 454). Although there are dissenting opinions in this last case, the law, as settled, seems not to have been disturbed.
The defendant’s exceptions must be overruled, and the plaintiffs must have judgment upon the verdict, with costs.
Freedman, J., concurred.