ROBERT L. DORR, Respondent, *v.* THE DANSVILLE GAS-LIGHT COMPANY, Appellant.

*Action to restrain a nuisance and to recover damages — triable by a jury.*

An action to restrain the continuance of a nuisance, and to recover the damages occasioned by it, is triable by a jury, and cannot be tried by the court unless the parties consent thereto; especially is this so where the court refuses to restrain the further continuance of the alleged nuisance and only maintains the action for the purpose of giving the plaintiff damages.

Appeal from a judgment in favor of the plaintiff, entered upon the trial of this action by the court, without a jury.

*Charles I. Bissell*, for the appellant.

*Robert L. Dorr*, for the respondent.

TALCOTT, P. J.:

This is an appeal from a judgment ordered at a Special Term in Livingston county for $200 damages, in an action for a nuisance.

The plaintiff complains that the defendant has established on a street in Dansville, opposite to his dwelling-house, a place for the manufacture of illuminating gas, and pursues the business of manufacturing said gas at its factory, which emits an injurious, unwholesome and poisonous substance, contaminating the atmosphere at the plaintiff's said residence, and destroying the comfort of the plaintiff and his family, and injuring the value of his said property. And the plaintiff demands a judgment for $5,000 damages; that the defendant may be perpetually enjoined from manufacturing gas at or near the place aforesaid, and that a decree may be entered in the action forever abating the nuisance in question.

The defendants, by answer, deny the nuisance.

The judge at the Special Term denied the perpetual injunction asked for by the plaintiff, and denied the relief of abating the nuisance; but found that the plaintiff had sustained $200 damages by reason of the matters complained of as to the said gas factory.

When the cause was reached on the calendar the defendants, by their counsel, objected to a trial by the court, and demanded that the issues in the action be tried by a jury, upon the ground that the case is one in which a trial by jury is guaranteed to the defendant by the constitution of the State. The objection was overruled, and the justice proceeded to try the cause without a jury, to which the defendant's counsel excepted, and this is the only question presented on the appeal.

The case seems to be governed by the case of *Hudson* v. *Caryl* (44 N. Y., 553), which seems to have been a case, in principle, in all respects similar to the case at bar. In that case the action was commenced to recover damages for an alleged injury occasioned by raising the waters of Schenevus creek by a mill-dam so as to overflow the lands of the plaintiff, and to compel the removal of the dam. The prayer for judgment was "that the defendant be compelled to take away or lower his dam so as to cease obstructing said stream to the injury of the plaintiff, as aforesaid, and not to rebuild the same; and that he pay plaintiff all damages she

shall have suffered from such obstruction,  *  *  *  or for such further or other judgment as shall be agreeable to equity."

When the cause came on for trial the defendant, as in this case, claimed the right of trial by jury.  Judgment was rendered in favor of the plaintiff for damages, and that the dam be "lowered so as not to set back the water on the plaintiff's land."

The General Term of the sixth district affirmed the judgment, and the defendant then appealed to the Court of Appeals.  In delivering the opinion of the court GRAY, Com., used the following language :  "Before, as well as since the writ of nuisance was by the Code abolished, the right existed to maintain an action for the removal of a nuisance which, when brought, was exclusively of equitable cognizance properly triable at Special Term, and not by jury, unless the court in its discretion should otherwise order.  An action at common law might also have been maintained for the recovery of damages occasioned by the nuisance, which was exclusively of common law jurisdiction, and triable at circuit, and always by a jury, unless the parties should otherwise agree.  The only change wrought by the Code was the substitution of an ordinary action for 'both' — the removal of the nuisance and the recovery of the damages occasioned by it instead of the writ of nuisance."

"That is this case.  This action is for both, in which, as Blackstone has it, judgment is demanded against the defendant of two things :  1st. That the defendant take away or lower his dam, so as to cease obstructing the stream to the injury of the plaintiff ; 2d. That the defendant pay to the plaintiff all the damages she has suffered from the obstruction.  *  *  *  But whatever may be said or decided in regard to the trial of other actions, in which two causes of action, one exclusively of legal and another exclusively of equitable cognizance arising out of the same transaction, are united, this action should, for an independent reason, have been tried by a jury, and that is, that the action when brought for the double object of removing the nuisance and recovering the damages occasioned by it was always tried by a jury,  *  *  * a case is presented in which a trial by jury has been heretofore used ; and hence an error was committed in refusing the defendant's demand and proceeding to judgment against him," and,

therefore, the judgment was reversed. (See *Davies* v. *Morris*, 36 N. Y., 569; *Coleman* v. *Dixon*, 50 id., 572; *Sternberger* v. *McGovern*, 56 id., 12; op., pp. 20, 21; *Wheelock* v. *Lee*, Court of Appeals MSS.)

In this case the Special Term denied all that relief which might be claimed to be exclusively of equitable cognizance, and only maintained the action for the recovery of damages which it found the plaintiff had sustained by reason of the alleged nuisance, which was clearly a cause of action cognizable only at law.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

Smith and Hardin, JJ., concurred.

Judgment reversed and new trial granted, costs to abide event.