BETSEY AMELIA HART, Respondent, *v.* JOHN B. WANDLE et al., ELIZABETH SLOCUM, Respondents, and JAMES MALCOLM, Appellant..

Although a case contains no findings of fact or exceptions, if the judgment below is materially modified by the General Term the party injuriously affected by the modification has the right, upon appeal to this court, to a review of the question as to the correctness of the modification.

Plaintiff was the owner of a mortgage covering a farm which was subsequent to the execution of the mortgage sold to B.; B. executed a mortgage thereon to Q. for $1,200. He then sold seventy-seven acres thereof to C. He conveyed the residue, excepting twenty acres, to H. S., subject to plaintiff's mortgage and another, both of which H. S. agreed to pay. H. S. gave back a mortgage to secure $3,500 of the purchase-money, containing a proviso that no part of the sum secured should become due or payable until all liens and incumbrances not assumed by the mort-

gagor should be paid and discharged of record. The twenty acres
excepted were upon the same day conveyed by B. to E. S. This deed
was made subject to the same mortgages referred to in the deed to H. S.
Q. foreclosed his mortgage by action. Plaintiff was not made a party.
Under the judgment therein the portion conveyed to H. S. was sold,
·subject to all incumbrances prior to Q.'s mortgage, the purchaser
assigned his bid to M., who received the sheriff's deed. In an action to
foreclose plaintiff's mortgage, M. claimed that the twenty acres sold to
E. S. should be sold first, upon the ground that Q.'s mortgage was *pro.
tanto* an alienation of the property; that he, as purchaser, acquired the
rights of the mortgagee and that the conveyance under the foreclosure
of that mortgage related back to the date of the mortgage and was to be
regarded as a conveyance prior to that of E. S. *Held*, that in the absence
of proof to the contrary, it must be presumed that the sale upon the
foreclosure of Q.'s mortgage was conducted in accordance with the judg-
ment directing it, and that such judgment directed the lands conveyed
to H. S. to be first sold; that they were, in equity, liable to be so sold, as
H. S. had in his hand an amount of the purchase-money sufficient to
pay that mortgage; that they were also primarily liable for the pay-
ment of plaintiff's mortgage, and when they were sold, subject to this
incumbrance, the inference is they were sold subject to the entire burden
thereof; and that therefore the judgment herein should direct that such
lands, now the lands of M., be first sold.

(Argued November 22, 1872; decided November 26, 1872.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial district modifying, and affirming
as modified, a judgment in favor of plaintiff entered upon
decision of court at Special Term.

This is an action brought to foreclose a mortgage of $5,000,
held by the plaintiff, Betsey Amelia Hart, on premises in
Rockland county, in this State.

The facts are as follows: "The defendants, Wandle and
Westervelt, were the former owners of the mortgaged pre-
mises, and executed the mortgage held by plaintiff. In 1852
they sold and conveyed to John N. Billings. In August,
1857, Billings made a second mortgage on the entire farm, to
one Quackenboss, to secure about $1,200. In April, 1858, he
mortgaged 201 acres of the farm to the president of the Troy
City Bank to secure $5,000. In April, 1859, he sold the por-
tion not covered by the last mentioned mortgage to the defend-

ant, Coman. In November, 1859, he conveyed the remainder, except twenty acres, to the defendant Hiram Slocum, subject to the payment of the plaintiff's mortgage and the $5,000 mortgage to the Troy City Bank, which Slocum assumed. For a portion of the purchase-money Slocum executed to Billings a mortgage covering the land conveyed, conditioned to pay $3,500 as therein expressed, and containing this clause: " But that it is hereby expressly agreed and understood that no part of the said sum or interest shall become due or payable until all liens and incumbrances existing on said premises or any part thereof, excepting " the two mortgages, *i. e.*, plaintiff's, and the one to the Troy City Bank, " are fully paid, satisfied and the mortgaged premises discharged therefrom," which said liens the mortgagee agreed to pay and discharge.

On the same day Billings conveyed the twenty acres excepted from the last conveyance to Elizabeth Slocum, wife of Hiram Slocum, subject to the same mortgages.

In 1861, Quackenboss brought an action to foreclose his mortgage. Under a decree in that action, the property was sold at public auction to one John Disbrow for about $1,600. The property sold was all that part of the farm in New York State, excepting the portion sold to Coman and Mrs. Slocum, viz., the property sold to Hiram Slocum.

Disbrow assigned his bid to defendant, Malcolm, to whom the sheriff's deed was executed and delivered in December, 1861.

It appears from the evidence that at the sheriff's sale the terms of sale excluded the portions of the property conveyed to Coman and Slocum, and stated that the property would be sold, subject to encumbrances, prior to the Quackenboss mortgage. The sheriff's deed followed the terms of sale.

The court at the Special Term decided that the land of the defendant Malcolm (formerly Hiram Slocum's) must be first sold to pay the plaintiff's principal, interest and costs, the costs of the defendant Sloat, and the sum of $1,178.75 to the defendant Malcolm; that being the sum applied upon the former foreclosure and sale to the payment of the Quacken-

boss mortgage and the costs of foreclosure, and that if a sufficient sum was not realized upon the sale of Malcolm's property to pay these various amounts, then that the land of the defendant Elizabeth Slocum be sold, and if that was not sufficient, then the land of the defendant Coman. From this decree the plaintiff, and defendants Malcolm and Elizabeth Slocum appealed to the General Term.

The General Term affirmed so much of the decree of the Special Term as directed the land of the defendant Malcolm to be first sold, but modified the rest by striking from it so much of it as directed that if necessary the lands of Elizabeth Slocum and Coman be sold to reimburse Malcolm to the extent of $1,178.75, and also charged him with the costs of the plaintiff and the defendant, Elizabeth Slocum, upon the appeals.

*F. G. Salmon* for the appellant. Malcolm is entitled to protection as against Elizabeth Slocum and Coman to the extent of $1,178.75, paid to satisfy the Quackenboss mortgage. (*Butler* v. *Veile*, 44 Barb., 166; *Holden* v. *Sackett*, 12 Abb., 473; *Kellogg* v. *Rand*, 11 Penn., 59; *La Farge F. Ins. Co.* v. *Bell*, 22 Barb., 67; *White* v. *Evans*, 47 id., 179; *Smith* v. *Gardiner*, 42 id., 366, per DANIELS, J.; *Butler* v. *Veile, supra; De Haven* v. *Lundell*, 31 Penn., 124, per THOMPSON, J.) Plaintiff's mortgage does not affect Malcolm's position. (*Russell* v. *Pistor*, 7 N. Y., 175.)

*C. Frost* for the respondents. The Quackenboss mortgage was not an alienation of the title. (3 Robertson, 201; *Stoddard* v. *Hart*, 23 N. Y., 560; *Kellogg* v. *Smith*, 26 id., 18.) Appellant's deed relates back only to the time when he became entitled to a conveyance. (*Pierce* v. *Hall*, 41 Barb., 146; *McLaren* v. *The Hartford Fire Ins. Co.*, 1 Seld., 151; *Gates* v. *Smith*, 4 Edw. Ch. R., 702.) The fact that Disbrow purchased with full knowledge of all the circumstances is material in determining the equities of the parties. (*Gill* v. *Lyon*, 1 J. Ch., 447.)

Grover, J.  The case contains no findings of fact by the Special Term, and no exceptions to any legal conclusions.  It shows that by the stipulation of the parties the testimony was taken by a referee and reported to the court.  Objections were taken before the referee to some of the testimony, but whether these were renewed before the court or any ruling thereon made, does not appear.  Had the judgment of the Special Term been affirmed by the General Term, no question would have been raised for review by this court, as there was no exception taken to any ruling of the former.  (*Stratton* v. *Cornfield*, 2 Keyes, 55.)  But the judgment of the Special Term was modified adversely to the appellant by the General Term, and affirmed as so modified.  To this modification the appellant has had no opportunity to except, and its correctness may therefore be reviewed upon this appeal.  By that modification the lands of the respondent, Mrs. Slocum, were relieved from liability to pay the appellant that portion of the purchase-money paid by him upon the purchase made at the foreclosure sale upon the Quackenboss mortgage, which was applied to its payment.  The question is whether her lands, from the facts appearing in the case, were shown to have been subject to this liability.  This question does not concern the plaintiff, as her mortgage covered all the lands of Mrs. Slocum and the appellant, together with seventy-seven acres conveyed by Billings to Coman.  Billings, while the owner of all the land subject to the plaintiff's mortgage, first gave the mortgage to Quackenboss.  He next gave a mortgage to the Troy City Bank, upon all the land except seventy-seven acres, which he afterward conveyed to Coman.  After the conveyance to Coman he conveyed twenty acres to Mrs. Slocum, subject to the mortgage of the plaintiff and the Troy City Bank.  Upon the same day he conveyed the residue of the land to Hiram Slocum, subject to the same mortgages which Slocum covenanted to pay, which covenant was inserted in the deed to him.  This made this land, as to Mrs. Slocum and Coman, first liable for the payment of the plaintiff's mortgage and that of the Troy City Bank, and this liability extended to his grantees.

(*Russell* v. *Pistor*, 7 N. Y., 171.)   But this did not affect the liability of the land for the payment of the Quackenboss mortgage as to this land of Mrs. Slocum, continued equally liable with that conveyed to Mr. Slocum, both being liable prior to that of Coman, as his conveyance was prior to theirs.   Hiram Slocum, upon the conveyance by Billings to him, gave Billings a mortgage upon the land for $3,500, containing the following clause: "But that it is hereby expressly agreed and understood that no part of the said sum or interest shall become due or payable until all liens and incumbrances existing on said premises or any part thereof, excepting two mortgages amounting to $10,000, on which there is that amount due, held by Smith, of Nyack" (plaintiff's mortgage meaning), "and of the same amount, viz., $5,000, held by the Troy City Bank, are fully paid and satisfied and the said premises discharged therefrom, which said liens and incumbrances the said party of the second part hereby agrees to fully pay, satisfy and discharge," and which mortgage shows that it was given for a part of the purchase-money of the land.   It thus appeared that Slocum retained in his hands an amount of the purchase-money more than sufficient to pay the Quackenboss mortgage.   Under this state of facts, payment by Slocum of the latter mortgage or its collection out of his land would have given him no right of contribution from the lands conveyed to Mrs. Slocum.   It thus appears that, as to the latter, the land conveyed to Hiram Slocum was the primary fund for the payment of the plaintiff's and Quackenboss' mortgages.   This was so held by both the Special and General Term, but the former held that the appellant acquired by his purchase at the foreclosure upon the Quackenboss mortgage the equity of the mortgagee, to be regarded as grantee of Billings, the mortgagor *pro tanto,* as of the date of his mortgage, and entitled to enforce such right against the lands of Mrs. Slocum for the amount paid upon the mortgage.   For the purpose of determining the equity between the respective owners of parcels of land subject to an encumbrance upon all, a mortgage is to be regarded as an alienation, *pro tanto,* at the time of its date.   (*Kellogg* v.

*Brand,* 11 Paige, 60; *La Farge Fire Ins. Co.* v. *Bell,* 22 Barb., 67.) The purchaser at a foreclosure sale acquires the title which the mortgagee had at the date of the mortgage. (*De Haven* v. *Landell,* 31 Penn., 120; *White* v. *Evans,* 47 Barb., 180.) In addition to this, he acquires all the rights of the mortgagee given by the mortgage in respect to the land. We have seen that the mortgagee acquires, *pro tanto,* the equity of a grantee, as of the date of his mortgage. It follows that a purchaser at a foreclosure sale acquires the same right. The payment of the mortgage given to the Troy City Bank by Mrs. Slocum cannot affect this equity, as that mortgage was given by Billings subsequent to the Quackenboss mortgage, and could not affect his rights as mortgagee. From these facts, the Special Term were clearly right in holding that in case the lands conveyed to Hiram Slocum did not upon sale produce a sum sufficient to pay the sum due upon the plaintiff's mortgage and the costs, and to the appellant the sum paid by him upon his purchase of these lands which was applied to the payment of the Quackenboss mortgage, the lands conveyed to Mrs. Slocum should be next sold, and from the proceeds the above payment should be made. But evidence was given that the premises were sold pursuant to written terms, by which it appears that they were sold subject to all incumbrances previous to the plaintiff's (Quackenboss') mortgage, and the deed given by the sheriff to the appellant recites that the premises were subject to the incumbrances prior to Quackenboss' mortgage. The plaintiff in this action, not being a party to that foreclosure suit, the premises sold would have continued subject to her incumbrance in the absence of the terms of sale or the recital in the deed. There was no proof of any incumbrance prior to the Quackenboss mortgage other than the mortgage of the plaintiff. The sheriff, in the absence of proof to the contrary, must be presumed to have conducted the sale in accordance with the judgment directing it. Upon this presumption, the lands conveyed to Hiram Slocum were directed to be first sold to satisfy the Quackenboss mortgage. We have seen that they were in equity liable for

this purpose prior to the lands of Mrs. Slocum, for the reason that he had in his hands an amount of the purchase-money sufficient for this purpose. But they were also primarily liable for the payment of the plaintiff's mortgage. When they were adjudged to be sold subject to this encumbrance, the inference is reasonable that they were to be sold subject to the entire burden in that respect then resting upon them. Of this Quackenboss had no cause of complaint, because if, when so sold, enough was not produced to satisfy his mortgage, the land of Mrs. Slocum was to be sold for that purpose. In this view, the terms of sale and the recital in the deed were appropriate. In any other, they were entirely useless. This must have been the conclusion of the General Term upon which the modification of the judgment of the Special Term was based. There was some other testimony given bearing upon this question. As to its competency (no exception having been taken) or force, I shall not inquire; upon the ground that the land was so sold upon the Quackenboss foreclosure.

The judgment of the General Term should be affirmed, with costs.

All concur.

Judgment affirmed.