DENTON *v.* ONTARIO COUNTY NAT. BANK *et al.*

*(Supreme Court, General Term, Fifth Department.* January 22, 1892.)

1. MORTGAGES—REDEMPTION—JUNIOR MORTGAGEE.

Where a senior mortgagee forecloses without making a junior mortgagee of the land a party to the action, an action by the latter to foreclose may be turned into one for redemption. *Bigelow* v. *Davol,* (Sup.) 16 N. Y. Supp. 646, *contra.*

2. SAME—MARSHALING ASSETS.

The owner of two tracts of land, consisting of 33 and 175 acres, respectively, gave two mortgages on the 208 acres, one mortgage for $2,000, and the other for $6,000, and made them equal liens. A prior mortgage for $5,000 had been given on the 175 acres, but the lien was postponed to that of the mortgages just mentioned. In January the owner of the land conveyed the 33 acres to his wife. The $5,000 mortgage was foreclosed in March, and the 175 acres was conveyed to defendant. In April the wife mortgaged the 33 acres to plaintiff. Subsequently the $2,000 mortgage was foreclosed, and the 208 acres were conveyed to defendant, but plaintiff was not made a party to the foreclosure. *Held* that, if plaintiff had been made a party to the foreclosure suit, he could have insisted that the 175 acres be sold before resort was had to the 33 acres, and he should be entitled to redeem on this basis.

Appeal from special term, Ontario county.

Action by Eugene C. Denton against the Ontario County National Bank and others to foreclose a mortgage. From a judgment entered on the decision at special term and on the report of a referee denying him the right to foreclose, but granting the privilege to redeem on certain terms, plaintiff appeals. Reversed.

The opinion of ADAMS, J., rendered on the trial of this case at special term, and referred to by Mr. Justice MACOMBER, is as follows:

"It is claimed by the plaintiff's counsel that the Lansing mortgage became merged in the referee's deed, and that in consequence the defendant simply acquired title to the premises incumbered by the plaintiff's mortgage. There might be some foundation for this contention if the foreclosure proceedings had been so conducted as to have divested the mortgagee of all the equities which inhered in his mortgage. Such was not the case, however, as is perfectly obvious from the mere fact that the mortgage in suit, which was subject to the lien of the Lansing mortgage, remains unaffected by those proceedings. Had the plaintiff been made a defendant herein, his right of redemption would have been foreclosed. By omitting to make him such a party, the mortgagee did not thereby divest himself of the ability to cut off that right; for this result might have been accomplished by what is termed a 'strict foreclosure,'— a remedy which is rarely resorted to, but which is nevertheless proper in just such a case. *Bolles* v. *Duff,* 43 N. Y. 469-474. It is likewise one which was transmitted to the defendant by reason of his purchase at the foreclosure sale. *Robinson* v. *Ryan,* 25 N. Y. 320; *Ross* v. *Boardman,* 22 Hun, 527-530. It seems, however, that neither the mortgagee nor the purchaser saw fit to avail himself of this right, and the plaintiff, therefore, brings this suit upon the theory that the failure to make him a party defendant upon the foreclosure of the Lansing mortgage leaves him at liberty to maintain this action. In this I am clearly of the opinion that he is wrong. His right to redeem and to do so without paying the costs of the Lansing foreclosure was in no wise affected by that action, (*Gage* v. *Brewster,* 31 N. Y. 217,) but he certainly acquired no other or greater right. The attention of the court is directed to the case of *Peabody* v. *Roberts,* 47 Barb. 91, as an authority for the doctrine contended for, and it is true that in an elaborate and well-considered opinion in that case by DANIELS, J., which reviews various authorities upon either side of the question, the conclusion is reached that a junior mortgagee cannot be deprived of his right to foreclose his mortgage and sell the mortgaged premises merely because they have been previously sold under the foreclosure of a senior mortgage to which he was not made a party, but it is noticeable that this conclusion was sustained by a divided court: that no other mem-

bers of the court concurred in the reasoning of the learned justice who wrote the opinion; and that in a later case, in which the same question arose, the same justice is reported as concurring in the conclusion that the only right which a junior mortgagee retains, under circumstances precisely similar to those above detailed, is the right of redemption. *Salmon* v. *Allen*, 11 Hun, 29. Under these circumstances, this later decision would seem entitled to greater weight than the former, and it certainly commends itself to the judgment of the court; for, as is said by DAVIS, J., the rule contended for by the plaintiff in this action would ' tend to throw the title into great confusion,' and, it might be added, it would also materially enhance the value of his security. It does not follow, from what has been heretofore said, that the plaintiff must necessarily be turned out of court; for inasmuch as the parties are all before the court, and the pleadings, when construed together, contain a sufficient statement of facts to justify the application of such relief as justice requires, it should seem to be the duty of the court to direct the entry of a judgment which will preserve and protect the rights and interests of all concerned. Therefore the decree herein, while denying the relief demanded in the complaint, may provide for the redemption of the premises by the plaintiff within 30 days from its entry, such redemption to be accomplished without paying the costs of the foreclosure of the Lansing mortgage, and that, in default of such redemption, the rights and interests of the plaintiff, and of all persons claiming under him, in and to said mortgaged premises, be extinguished. In the event of a redemption, no costs of this action shall be allowed to either party; but otherwise the defendant may have costs against the plaintiff. "

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*M. H. Field,* for appellant.   *L. H. Hall,* for respondent.

MACOMBER, J. This action is the ordinary one for the foreclosure of a mortgage and for the sale of the mortgaged premises. The mortgage was executed by Letitia G. Durand to the plaintiff to secure the payment of the sum of $1,060, with interest, on the 12th day of April, 1888. ' The land consists of 33 acres situate in the town of Canandaigua, N. Y. The execution of the mortgage and the non-payment of the same being undisputed, the plaintiff clearly made a *prima facie* case for a judgment of foreclosure and sale of the mortgaged premises, in pursuance of section 1626 of the Code of Civil Procedure. But the defendant the Ontario County National Bank, which is the only party defending, sets forth in its answer certain allegations, which have been supplemented by evidence, from which the learned trial justice has denied to the plaintiff the right to foreclose the mortgage, and to have a sale of the mortgaged premises, but has granted to him the privilege of redeeming the land covered by the mortgage upon terms which hereinafter appear. The defendant's rights depend upon the ownership of these 33 acres, and of another tract of 175 acres, and upon the rights growing out of the incumbrances thereon under the title of one Luman M. Durand, as it existed on the 1st day of May, 1886. On the last-named day, Durand and his wife executed to H. L. Lansing, as trustee, two mortgages, covering the entire lands, consisting of 208 acres, one in the sum of $6,000, and the other in the sum of $2,000, and these mortgages were made equal liens upon the lands. A previous mortgage of $5,000 had been given upon the 175 acres alone, which bore date the 11th day of April, 1878, and which was subsequently assigned to the defendant the Ontario County National Bank. The lien of this mortgage, however, was postponed to that of the $6,000 and the $2,000 mortgages by agreement executed by the bank after the assignment. The $5,000 mortgage was subsequently foreclosed by this bank, and the land covered by it, namely, the 175 acres, was conveyed to it March 3, 1888, by the referee appointed to make the sale in the foreclosure. Luman M. Durand conveyed the 33 acres of land to

his wife, Letitia G. Durand, by deed bearing date January 24, 1888, and recorded January 25, 1888. On the 12th day of April, 1888, Letitia G. Durand, then the owner of the 33 acres, executed to the plaintiff the mortgage in question. The Lansing mortgage of $2,000 was foreclosed in January, 1889, and the mortgaged premises, namely, the whole 208 acres, were, by the deed of the referee in that suit, conveyed to the defendant the Ontario County National Bank by deed dated the 2d day of March, 1889, and recorded two days thereafter. There-upon the bank went into possession of the whole of the premises. But the plaintiff in this action was not made a party to the foreclosure of the $2,000 Lansing mortgage. He subsequently, in the month of June, 1889, brought this action for the purpose of foreclosing his mortgage of $1,060 upon the 33-acre tract. It was claimed upon the trial by the plaintiff's counsel that the $2,000 Lansing mortgage became merged in the referee's deed, and that consequently the bank acquired title to the premises subject to the payment of the plaintiff's mortgage. This view was not adopted by the learned trial justice, but, on the contrary, while holding that the plaintiff's mortgage was unaffected by that foreclosure, yet, under the circumstances disclosed, he held that the plaintiff did not have the right to a judgment of foreclosure and sale of the mortgaged premises. The learned justice, with ample authority to support him, also decided that the plaintiff's right to redeem was in no way affected by the foreclosure of the $2,000 Lansing mortgage. But he further held, and, as we think, properly, that, by the foreclosure and sale of the last-named mortgage, the plaintiff acquired no greater rights or equities than he possessed before that foreclosure. The court thereupon proceeded to adjudge, inasmuch as all the necessary parties were before the court in this action, and the pleadings sufficient for that purpose, that the plaintiff might redeem the premises, within a time named, from the lien of the $2,000 Lansing mortgage; that, in default of such redemption, his rights, and of all persons claiming under him, in the mortgaged premises, should be extinguished. On the whole, after considering the reasons stated by the learned justice, and the authorities discussed by him, namely, *Gage* v. *Brewster*, 31 N. Y. 217; *Peabody* v. *Roberts*, 47 Barb. 91; *Salmon* v. *Allen*, 11 Hun, 29, we are inclined to think that the action may thus be turned into one of redemption of the mortgaged premises, notwithstanding the recent decision in the case of *Bigelow* v. *Davol*, (Sup.) 16 N. Y. Supp. 646.

The terms, however, upon which such redemption may be made, must be such as would have been, *mutatis mutandis*, available to the plaintiff, had he actually been made a party to the foreclosure of the $2,000 Lansing mortgage. While the plaintiff's rights were not enhanced by the omission to make him a party to that suit, they cannot, in any sense, be deemed to have been impaired thereby. For the purposes of this action they must be deemed to be wholly unaffected by the former action. The relief, therefore, actually to be administered in this case, must be adapted to the changed situation of affairs, caused without the fault of the plaintiff. The referee reported that the whole of the principal sum of the $2,000 Lansing mortgage, together with the $391 interest, amounting in all to $2,391, should be paid by the plaintiff upon such redemption, less $158.50, deducted for the value of the use of the land by the defendant since its purchase at the foreclosure sale. He further finds that the 33 acres are worth only $35 per acre, aggregating in all $1,155. So that the privilege of redeeming in this case is not one which the plaintiff will be swift to avail himself of, if the principle upon which the judgment proceeds can be maintained. We should, as it seems to us, administer the relief, as nearly as we can, so as to secure the plaintiff in the rights which he might have asserted in the Lansing foreclosure had he been made a party defendant therein. The deed to Letitia G. Durand of the 33 acres was made and recorded prior to the purchase by the defendant the Ontario County National Bank of the 175 acres at the foreclosure sale of the $5,000 mortgage, but not before the assign-

ment to it of that mortgage. The right, therefore, of Letitia G. Durand, the owner of the 33 acres, to have the 175 acres in the foreclosure of the $2,000 mortgage sold first, under the well-established principle that land so circumstanced must be sold in foreclosure in the inverse order of alienation, is undoubted. Whether such right was asserted by her in such foreclosure does not appear. Indeed, the judgment therein, which probably indicated in what manner the land should be sold, is not laid before us on this appeal. It does not appear that any rights of Letitia G. Durand were thus asserted. Though we cannot in this case adjudicate upon her rights, yet it appears to us that, for the purpose of determining the equities between the respective parties to these parcels of land, subjected, as they were, to the incumbrance upon all of them of the two Lansing mortgages, the mortgage given to the plaintiff, and now sought to be foreclosed, should be regarded as an alienation of the land, *pro tanto,* as of the time of its date. *Hart* v. *Wandle,* 50 N. Y. 386, and the cases there cited. Had the plaintiff been made a party to the foreclosure of the $2,000 mortgage, he doubtless would have asserted, by proper appearance or answer, his right to have the 175 acres sold first, and that resort should be had to the 33 acres covered by his mortgage only in the event that the sale of the 175 acres did not produce sufficient funds to pay the lien. The rights of the holders of the $6,000 mortgage do not seem to be affected by any action heretofore brought. The value of the 175 acres is found to be $50 per acre, amounting in all to $8,750, which appears to be ample security for both mortgages. If upon the new trial, which we have concluded to order, a different state of facts is not made to appear, we are of the opinion that the plaintiff would have a right to redeem on the basis above indicated, leaving out of consideration for the moment the rights of the defendant under the $5,000 mortgage; for had the 175 acres of land been ordered by the judgment to be sold first, and had the $6,000 mortgage been adjudged to have been paid off by the same decree, if the amount of the sale was sufficient for that purpose, a fund would have been realized that would have discharged the lien of those two mortgages upon the 33 acres. The right, therefore, of the plaintiff, as thus indicated, may be worked out and secured by treating this as one for redemption alone. This view renders a new trial necessary. Whether, on such new trial, it shall be made to appear that the existence, at one time, of the $5,000 mortgage, and the purchase of the defendant at the sale under foreclosure thereof, affect the application of the above principle, and, if so, to what extent, are matters which have not, either directly or indirectly, been passed upon by the trial court, and, consequently, we do not express any opinion thereon. It follows, therefore, that the judgment appealed from should be reversed, and a new trial ordered. Judgment reversed, and a new trial ordered, with costs to abide the final award of costs. All concur.