The Rector, Church Wardens and Vestrymen of Christ Protestant Episcopal Church in the city of New York, Respondent, v. John Mack et al., Appellants.

Where no limitation or condition is imposed by the judgment in a foreclosure suit, and no duty of payment rests upon the purchaser, on a sale under the judgment, the statute (2 R. S. 192, § 158) determines the estate which passes by the foreclosure deed.

The effect of a foreclosure deed, as determined by the statute, is to vest in the purchaser the entire interest and estate of the mortgagor and mortgagee as of the date of the mortgage and unaffected by subsequent incumbrances and conveyances by the mortgagor.

Plaintiff, being the owner of a lot, which was subject to a mortgage, conveyed the same to M., reserving an easement therein for light and air to the windows of its church adjoining, M. assuming the mortgage. M. conveyed the lot through a third person to his wife, subject to the mortgage, but without any liability on her part to pay the same. Upon foreclosure of the mortgage Mrs. M. became the purchaser and took the deed. In an action to restrain her from obstructing the light and air, *held*, that under the foreclosure deed Mrs. M. took the absolute title, unencumbered by the easement; that she owed no duty to the plaintiff or mortgagee, requiring her to pay off the mortgage, and

so there was no equity preventing her from asserting her title, and the action was not maintainable.

*It seems* that plaintiff, to save its easement, should have appeared in the foreclosure suit, and by offering to bid the full amount of the mortgage debt and costs upon sale, subject to the easement, sought to have the judgment modified so as to direct such a sale.

*Rector, etc.*, v. *Mack* (25 Hun, 418), reversed.

(Argued October 1, 1883 ; decided October 23, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made October 28, 1881, which reversed a judgment in favor of defendant Rhoda E. Mack, entered upon a decision of the court on trial at Special Term, and directed judgment for plaintiff for the relief demanded in the complaint. (Reported below, 25 Hun, 418.)

This action was brought to restrain defendants from obstructing the light and air from the windows of plaintiff's church edifice, adjoining a lot owned by said defendant, Rhoda E. Mack. Plaintiff was formerly owner of said lot, which was subject to a mortgage given to one Bell. It conveyed the same to defendant John Mack, subject to the mortgage which the grantee assumed and agreed to pay. By the deed an easement was reserved of light and air to the grantor's church so long as its premises were used for church purposes. Mack conveyed to a third person, who, on the same day, conveyed to Rhoda E., wife of said John Mack. Her deed was made subject to the Bell mortgage, but contained no assumption of the same by her. The holder of the mortgage, at the request of defendants herein, foreclosed the mortgage by suit ; plaintiff was made a party defendant therein. Judgment of foreclosure in the ordinary form was entered, and upon the sale under it Mrs. Mack became the purchaser and received the referee's deed. Mrs. Mack thereafter erected a fence upon her lot, which cut off the light from the basement windows of plaintiff's church.

*E. C. Boardman* for appellant. Where a mortgage is foreclosed by action, the owner of the equity of redemption being

duly made a party, and the usual decree of foreclosure and sale is entered barring and foreclosing him of all right, title and interest in his equity of redemption, until that judgment is reversed or set aside, he can never enforce any rights in the property sold under the decree. (*Rathbone* v. *Horney*, 58 N. Y. 467.) Plaintiff having failed to set up their rights on the foreclosure of the Corey Bell mortgage, the judgment therein, until it is set aside or reversed, is absolutely binding on it. (*Bruen* v. *Hove*, 2 Barb. 596; *Harris* v. *Harris*, 36 id. 94; *Hayes* v. *Reese*, 34 id. 156; *Gales* v. *Preston*, 41 N. Y. 113; *Randolph* v. *Carton*, 8 Ala. 606; *Wathal* v. *Rines*, 34 id. 97; *Harrison* v. *Roberts*, 6 Fla. 711; *Chapman* v. *Mull*, 7 Iredell's Eq. [N. C.] 292.) The only ground upon which a court of equity will disturb or annul a former adjudication is that, by some fraud practiced directly upon the party seeking relief against the judgment or decree, he has been prevented from presenting all of his case to the court. (*U. S.* v. *Throckmorton*, 98 U. S. 66.) By the deed of gift to his wife Rhoda, the defendant John Mack became completely divested of any right, title or interest in the premises conveyed. (*Fisk* v. *Bailey*, 51 N. Y. 150.)

*Wheeler H. Peckham* for respondent. Prior to the foreclosure of the Bell mortgage and the purchase thereunder by defendant Rhoda, plaintiff had a right of light and its obstruction would have been enjoined. Plaintiff's right to light as a covenant ran with the land. (*Lattimer* v. *Livermore*, Daily Reg. of Feb'y 23, 1878; Smith's Lead. Cases, Spencer Case and notes; *Van Rensselaer* v. *Hays*, 19 N. Y. 63; *Luke* v. *Dennis*, L. R., 7 Ch. Div. 227; *Whitbeck* v. *Waine*, 16 N. Y. 532.) Defendant Rhoda took no better title by procuring the foreclosure of the Bell mortgage and purchasing at the foreclosure sale. (*Marsh* v. *Pike*, 10 Paige, 595; *Tice* v. *Annin*, 2 Johns. Ch. 125; *Mathews* v. *Aikin*, 1 N. Y. 604; *Garnsey* v. *Rogers*, 47 id. 233; *Colgrove* v. *Tallman*, 67 id. 95; *Bentley* v. *Vanderheyden*, 35 id. 677; *Harris* v. *Jex*, 66 Barb. 232.) If defendant Rhoda had assumed pay-

ment of the Bell mortgage, she could take nothing by the foreclosure suit. (*Gardner* v. *Gerrish*, 23 Me. 46; *Fuller* v. *Hodgson*, 25 id. 243; *Smith* v. *Lewis*, 20 Wis. 350; *Sturdevant* v. *Mather*, id. 576; *Edgerton* v. *Schneider*, 26 id. 385; *Barrett* v. *Amerein*, 36 Cal. 322; *Ballana* v. *Forsyth*, 13 How. [U. S.] 24; *Vorhis* v. *Thomas*, 12 Ill. 442; *Glancy* v. *Elliot*, 14 id. 456; *Piatt* v. *St. Clair's Heirs*, 6 Ohio, 238–9; *Douglass* v. *Dangerfield*, 12 id. 152; *Fisk* v. *Brunette*, 30 Wis. 102; Blackwell on Tax Titles [4th ed.], 443, 449 and notes; *Avery* v. *Judd*, 21 Wis. 262; *Fair* v. *Brown*, 40 Iowa, 209; *Rice* v. *Nelson*, 27 id. 148; *Renshaw* v. *Stafford*, 30 La. Ann. 853; Jones on Mortgages, 680.) The defendant Mack having taken title subject to the Bell mortgage and plaintiff's easement, became incapable of being a purchaser under the Bell mortgage. (Jones on Mortgages, §§ 1538, 1663–4–5–6–7, 1108, §§ 1571–72; id., 12–14–15–16; *Kortright* v. *Cady*, 21 N. Y. 343; *Ten Eyck* v. *Craig*, 62 id. 421; 15 Cent. L. J. 408; *Otter* v. *Lord Vaux*, 6 DeG., M. & G.; 55 Eng. Ch. 638; *Judson* v. *Ludeling*, 21 Wall. 625; *Douglass* v. *Dangerfield*, 10 Ohio, 158; Jones on Mortgages, § 680.) The fact that plaintiff was a party to the foreclosure suit is immaterial. The foreclosure decree barred merely the rights or equity of redemption. (*Rathbone* v. *Hooney*, 58 N. Y. 467; *Fulton* v. *Whitney*, 66 id. 556–7.)

Finch, J. It is conceded that a purchase under the foreclosure of the Bell mortgage would have given to a stranger to the title an ownership discharged of the plaintiff's easement. That the same result attends the purchase by Mrs. Mack, notwithstanding her relation to the property, follows from the reason upon which the conceded rule is founded. The statute provides that the deed given in pursuance of a sale on foreclosure shall vest in the purchaser "the same estate (and no other or greater) that would have vested in the mortgagee if the equity of redemption had been foreclosed," and further declares that such deeds shall be as valid as if executed by the mortgagor and mortgagee. The construction to be put upon

these two provisions was early settled in this court. (*Brainard v. Cooper*, 10 N. Y. 358; *Packer v. The Roch. & Syracuse R. R. Co.*, 17 id. 287.) In the last of these cases it was said that where legal title is concerned, a mortgage, which for many other purposes is a mere chose in action, is a conveyance of the land; that the interest remaining in the mortgagor is an equity, and that the foreclosure cuts off and extinguishes that equity, and leaves the title conveyed by the mortgage. It was added that such was precisely the effect of a strict foreclosure, and that in construing the statute its two clauses were to be read in harmony. It was, therefore, decided that when the act says the master's deed "shall have the same validity as if executed by the mortgagor it is not to be taken that the purchaser is to be considered as holding under the mortgagor by title subsequent to the mortgage in a sense which would subject him to the effect of the mortgagor's acts intermediate the mortgage and the foreclosure." While it is clearly the modern doctrine that the mortgagee has by virtue of his mortgage no estate in or title to the land, or the right of possession before or after the mortgage debt becomes due (*Ten Eyck v. Craig*, 62 N. Y. 421), and only acquires such title by purchase upon the foreclosure sale, yet the character and extent of his title so acquired is described in the statute by a reference to the old rule and the old practice, when the mortgagor's right could be fitly termed an equity of redemption which could be foreclosed, leaving an absolute estate in the mortgagee. The effect of the foreclosure deed, therefore, as determined by the statute, is to vest in the purchaser the entire interest and estate of mortgagor and mortgagee as it existed at the date of the mortgage, and unaffected by the subsequent incumbrances and conveyances of the mortgagor. And thus, while the plaintiff corporation held title to the Mack lot, they held it subject to the Bell mortgage and to the absolute title into which that mortgage might ripen by a foreclosure and sale. When they sold to Mack, reserving an easement in the lot for light and air to their adjoining windows, they held their easement, and Mack held his ownership, still subject to the Bell mortgage and the absolute title into which

it might be turned. Mack had assumed the payment of the Bell mortgage, but conveyed through a third person to his wife, subject to that mortgage, but without any liability for its payment assumed by her. Upon its foreclosure she became the purchaser and took the deed. That vested in her, under the statute provision, the title of the mortgagor and mortgagee unaffected by the intermediate acts of the mortgagor and those succeeding to his interest, unless there be something in her position which subjects her to a different rule.

The statute allowed her to be a purchaser, and in determining the effect of the foreclosure deed its terms draw no distinction among purchasers. It does not discriminate. Whoever may lawfully purchase becomes the purchaser whose title is described and determined, and we have no warrant in the facts to take Mrs. Mack out of the statutory protection.

The argument of the General Term, and of the learned counsel for the respondent on this appeal were both aimed at the result of converting her purchase into a mere payment and discharge of the mortgage lien, and her deed into a release of the incumbrance. The General Term reached the result by a disregard of the first clause of the statute declaring the effect of the deed, and what seems to us a misinterpretation of the second clause. In brief the reasoning was that the deed was to be equivalent to one made by the mortgagor and mortgagee; that the mortgagor had already conveyed and his title incumbered by an after constituted easement had reached Mrs. Mack; that she could not be said to purchase what she already had; that so her deed was only equivalent to one made by the mortgagee, and he having no title, but merely a lien, the foreclosure deed operated only as a release to Mrs. Mack, however it might operate as to a stranger. We deem this reasoning defective in two respects. It construes the statute to transfer the mortgagor's title as it stood, not at the date of his mortgage, but burdened with its after incumbrances and limitations, imposed by him or his grantees; and it assumes what is not true, that Mrs. Mack already had the entire title of the mortgagor, and so could take nothing from him, but only the

right of the mortgagee. The mortgagor had the absolute title incumbered only by the mortgage. That title he transferred to the church, but when the latter conveyed to Mack it reserved an easement or servitude, and so parted with less than it received from the mortgagor. This title Mrs. Mack took and, therefore, did not get the entire interest which the mortgagor himself had. There was something which she had not got; which by a foreclosure of the Bell mortgage would pass; and which it was possible for her to purchase.

A further ground is stated which is based upon a theory that Mrs. Mack by virtue of her ownership of the lot came under some obligation to pay off the mortgage, and so could not in equity assert a title founded upon a breach of that obligation. Cases are cited in other States which hold that the mortgagor owes to his mortgagee the duty of paying taxes upon the land, and cannot, by neglecting their payment and causing a sale and then becoming a purchaser, cut off the lien of the mortgagee. If the purchase had been made by Mr. Mack, who had assumed the payment of the mortgage, the question would have arisen. But Mrs. Mack owed no duty of payment either to the mortgagee or to the plaintiff. She assumed no such obligation. She violated no duty and incurred no personal liability by omitting to pay off the incumbrance. It was her right and privilege not to do so, and in the omission she did no wrong of which either party could lawfully complain. She had the right to leave the mortgagee to his remedy, and when he asserted it, the law allowed her to become the purchaser, and made no distinction between her rights and those of a stranger to the title.

It was urged that this view of the case left the plaintiff without any power to save its easement, since on the sale Mrs. Mack could safely outbid all others and beyond the mortgage debt. But the plaintiff should not have waited until the sale. When brought into court as a defendant, and certain to be bound by the decree, it should have sought to modify the decree, and showing the peril of its easement and offering to bid the full amount of the mortgage debt and costs upon a sale subject to the servitude, it should have asked that the sale be

so made.   The mortgagee could not object since his debt would be paid in full and he had no greater right; and Mrs. Mack could have asserted no equity to have the sale so made as to free her from the easement.   But when no limitation or condition is imposed by the decree, and no duty of payment rests on the purchaser, the statute determines the estate which passes by the foreclosure deed.

The judgment of the General Term should be reversed and that of the Special Term affirmed, with costs.

All concur.

Judgment accordingly.