SARAH M. MYGATT AND ANGELINE E. DARLING, AS SURVIVING TRUSTEES FOR SARAH MATILDA MYGATT, ETC., RESPONDENTS, v. GEORGE S. COE, APPELLANT.

44 31
124a 212
44 31
83 612

*Purchaser at a sale on foreclosure — he may recover damages for a breach of a covenant of warranty contained in the deed conveying the property to the mortgagor.*

In April, 1867, the defendant, Coe, conveyed certain premises by a warranty deed to one Fisher, who, while in possession thereof, mortgaged the same to the plaintiffs, and thereafter conveyed the same to one Fuller, who, in 1874, conveyed them to one Leavitt, who was, in 1878, ousted therefrom by a party who recovered possession thereof under a claim of title paramount to the title conveyed by Coe to Fisher.

In an action commenced by the plaintiffs in 1878 to foreclose his mortgage a judgment was entered under which the premises were sold and conveyed to the plaintiffs.

*Held,* that as the plaintiffs thereby succeeded to Fisher's rights, they were entitled to maintain an action against Coe to recover the damages sustained by the breach of the covenant of warranty contained in the deed.

*Christ Church* v. *Mack* (93 N. Y., 488) followed.

APPEAL by the defendant from a judgment rendered against him upon the trial of this action by the court without a jury.

In April, 1867, Almira S. Coe and the defendant, George S. Coe, her husband, being in possession thereof, conveyed certain premises by deed, with covenants of warranty, to one Nancy Fisher, and delivered possession thereof to her. In December, 1869, Nancy Fisher, being in possession of the said premises, mortgaged the same to the plaintiffs to secure the payment of $15,000. Nancy Fisher subsequently conveyed said premises to one Fuller, and in 1874 said Fuller conveyed the same to one Leavitt. In 1878 an action of ejectment was brought by the heirs of one Howell against said Leavitt, who was then in possession, in which action judgment of possession was rendered for the plaintiffs therein upon the ground that the plaintiffs therein had a title paramount to that conveyed by the Coes to Nancy Fisher, and possession was given to said plaintiffs. In December, 1878, the present plaintiffs commenced an action to foreclose the mortgage given to them by Nancy Fisher, and such proceedings were had therein that judgment of foreclosure and sale was entered on the 5th of June, 1879, and on the 14th day of August, 1879, the said premises were sold and the plaintiffs became

the purchasers thereof, and received the sheriff's deed therefor. Thereupon this action was commenced against the defendant, George S. Coe, Almira S. Coe having died, to recover damages for breach of the warranty contained in the deed from the Coes to Nancy Fisher. Judgment having been entered in favor of the plaintiffs, this appeal was taken therefrom.

*William S. Coggswell,* for the appellant.

*Sidney S. Harris,* for the respondents.

Van Brunt, P. J.:

The whole argument of the appellant seems to be based upon an erroneous view of the effect of the mortgage and foreclosure and sale thereunder to the plaintiffs. His argument demonstrates that the plaintiffs, by virtue of their mortgage alone, could claim no title in the land, and that a mortgagee holds simply a chose in action, secured by a lien upon the land, and that the mortgagor is for all practical purposes invested with the title. But the change effected by a foreclosure and sale under the mortgage seems to have been entirely overlooked. In the case of *Christ Church* v. *Mack* (93 N. Y., 488) the Court of Appeals decided that the effect of a foreclosure deed is to vest the purchaser with the entire interest and estate of mortgagor and mortgagee as it existed at the date of the mortgage. In other words, the same estate passes which the mortgagor could have conveyed by deed at the time of giving the mortgage. The case cited turned upon this question, and the point was distinctly and squarely presented and decided. If this is the law, then the plaintiffs, by the sheriff's deed, acquired the same rights as though Nancy Fisher had conveyed the premises in question to the plaintiffs at the time of the giving of the mortgage, and it is not disputed that if she had done this the plaintiffs could have maintained this action. The claim that the only damages which the plaintiffs could recover would be the amount paid for the sheriff's deed is not tenable. They succeeded to Nancy Fisher's rights, and it might well be claimed that they had a right to recover the whole consideration mentioned in the deed to her.

The judgment appealed from must be affirmed, with costs.

Bartlett and Lawrence, JJ, concurred.

Judgment affirmed, with costs.