JOHN HARSEN RHOADES and Others, as Executors, etc., of BEN-JAMIN F. WHEELWRIGHT, Deceased, Plaintiffs, *v.* MARGARETTA CARD, Respondent; SAMUEL REGESTER, as Assignee or Trustee of JACKSON BRANDT, for the Benefit of his Creditors, Appellant, Impleaded with Others.

*Real property — covenant for restrictions entered into after the execution of a mort-gage — right of the mortgagor, as against one purchasing subject to the restrictions, to have the property sold subject to them — condition imposed.*

An owner of real property, who after giving a mortgage upon it enters into an agreement subjecting the property to certain restrictions, is entitled, upon stipu-lating to bid the amount of the mortgage debt with the costs and expenses of the foreclosure, to have inserted in the judgment foreclosing the mortgage a provision that the premises shall be sold subject to the restrictions, notwith-standing the objection of the holder of the record title, where the latter has purchased subject to such restrictions.

APPEAL by the defendant, Samuel Regester, as assignee or trus-tee of Jackson Brandt, for the benefit of his creditors, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of January, 1897, directing that the premises described in the action be sold subject to a certain restriction.

In November, 1890, Margaret Card executed and delivered a bond secured by a mortgage upon premises on the north side of Seventieth street, near West End avenue. At that time she was

also the owner of premises on the south side of Seventy-first street immediately adjoining in the rear. In December, 1892, she conveyed the Seventy-first street premises to one Hirsch, with whom she entered into an agreement to restrict both pieces of property by making them subject to what is commonly called the general restrictions against nuisances. All subsequent conveyances of the mortgaged premises were made subject to these restrictions until they vested in the defendant Regester, who is now the holder of the record title. On the application herein for judgment in foreclosure the defendant Card moved for an order directing that the judgment provide that the premises be sold subject to the restrictions, stipulating as a condition for such relief that she would bid the amount due the plaintiffs, principal and interest, on the bond and mortgage and the costs and expenses of foreclosure. This was opposed by Regester, who stipulated to bid, if the restrictions were omitted, $2,500 in excess of the amount due the plaintiffs. The motion was granted, and it is from the order thereupon entered that this appeal is taken.

*R. L. Harrison,* for the appellant.

*Thomas S. Ormiston* and *Lincoln McCormack,* for the respondent.

O'BRIEN, J.:

The plaintiffs do not care whether the premises are sold with or without the restrictions, because in either event they are protected by the stipulations which insure their getting the full amount of their lien together with the expenses incident to collection. The controversy is, therefore, confined between Mrs. Card and Regester. The former's interest is to have the restrictions remain, because her covenant was that there should not be erected upon the Seventieth street property any buildings but private dwellings for a period of twenty years, and a violation of such covenant, even without her fault, might subject her to damages. On the other hand, Regester insists that, as the covenant was entered into subsequent to the mortgage, he has the right to have the property sold in accordance with its terms and conditions, and that a sale subject to the restrictions would diminish the market value of the property twenty-five

per cent. It is conceded that Regester bought the property subject to the restrictions, and there is no reason why he should get the enhanced price which the property would bring freed from the restrictions at the expense of Mrs. Card. Regester's assignor, having purchased the premises subject to the restriction and paid for them accordingly, is, in effect, asking the court to make a better bargain for him than he did for himself. The order does not change the position of Regester, but its reversal might seriously affect Mrs. Card. The rule which upon such facts should control is stated in *Rector, etc. of Christ P. E. Church* v. *Mack* (93 N. Y. 488). It there appeared, as here, that subsequent to a mortgage a restriction had been imposed upon the property. At the request of a subsequent purchaser, the mortgagee foreclosed, and, no one seeking to preserve the restriction, the defendant Mack at the sale became the purchaser of the premises unincumbered thereby. The plaintiff then brought an action for an injunction to restrain a violation of the restriction, and, after refusing the relief, the court said : "The plaintiff should not have waited until the sale. When brought into court as a defendant, and certain to be bound by the decree, it should have sought to modify the decree, and, showing the peril of its easement, and offering to bid the full amount of the mortgage debt and costs upon a sale subject to the servitude, it should have asked that the sale be so made. The mortgagee could not object, since his debt would be paid in full, and he had no greater right, and Mrs. Mack (the party seeking the removal of the restriction) could have asserted no equity to have the sale so made as to free her from the easement."

It is true that these views, as affecting the question in that case, were *obiter dicta ;* but, regarded merely as a suggestion of the practice to be followed and of the view to be taken upon the precise question here presented, they commend themselves to our judgment, and we adopt them as equitable and just.

The order should be affirmed, with ten dollars costs and disbursements.

Van Brunt P. J., Barrett, Rumsey and Ingraham, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.