### RHODA WYKES V. THE CITY OF CALDWELL.

No. 14,142.    (80 Pac. 941.)

#### SYLLABUS BY THE COURT.

MORTGAGES—*Foreclosure—Effect on Easement.* The owner of a tract of mortgaged land granted to the owner of a system of water-works, by a written contract in which no reference was made to the mortgage, the right to maintain a dam thereon for twenty-one years in consideration of an agreement to furnish water for use upon other premises during the time the contract should continue in force. Afterward the mortgage was foreclosed, and by order of the court the land was first sold subject to the easement so granted, and this sale not realizing the amount of the mortgage debt the easement itself was then sold to the purchaser of the land. *Held,* that the rights of the owner of the water-works to maintain the dam in virtue of the contract were cut off by such sale, and that the obligation thereunder to furnish water ceased at the same time.

Error from Sumner district court; CARROLL L. SWARTS, judge. Opinion filed May 6, 1905. Affirmed.

*James Lawrence,* for plaintiff in error.

*Charles G. Yankey,* and *O. G. Eckstein,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: In 1889 Mrs. Rhoda Wykes entered into a written agreement with Charles E. Kimball, the proprietor of a system of water-works, granting to him

and his assigns for twenty-one years the right to erect and maintain a dam upon a tract of land owned by her, but upon which there was a mortgage, in consideration of their furnishing water for use upon other premises of which she was the owner during the life of the contract. The dam was built and the arrangement indicated was acted upon until the year 1900, when the city of Caldwell purchased the water-works and refused longer to furnish water for Mrs. Wykes's property. Thereupon she brought an action against the city for damages for such refusal, setting out in her petition substantially the matters already stated. The city answered alleging that in 1894 a suit had been brought for the foreclosure of the mortgage already mentioned, Mrs. Wykes and the owners of the water-works having been made parties defendant; that in this suit a decree had been rendered ordering that in the first instance the land should be sold, excepting from the operation of the sale the rights granted to Kimball under his contract, but that if the proceeds of the sale should prove insufficient to meet the mortgage debt such rights should then be sold separately; that in accordance with this decree the land had been sold to P. H. Albright, with the reservation noted, for an amount less than the judgment; that thereupon the interest in the land granted to Kimball by the contract had also been sold to Albright; that the sales had been confirmed, and the property conveyed by the sheriff to the buyer; that by these proceedings the owners of the water-works had been deprived of any further benefits of the grant made under the contract, and consequently had been relieved from its obligations. A demurrer to this answer was overruled, and the purpose of the present proceeding is to review that ruling.

The principal contention of the plaintiff in error is that the purported sheriff's sale of the rights granted

to Kimball by the contract was an absolute nullity, and that after it had been made the privilege of maintaining the dam still remained in the owners of the water-works in virtue of such contract, and constituted a continuing consideration for the agreement to furnish her with water. Inasmuch as the contract was executed after the mortgage all rights conferred by it with respect to the land were subject to extinguishment by a sale made under proper proceedings in a foreclosure suit. (2 Jones, Mort. §1654.) This is not seriously disputed; but it is denied that such proceedings were had in this case. The argument is that the right granted to Kimball was an easement; that the mortgage, although superior to the easement, was not a lien upon it; that the easement could not be sold as a thing separate and apart from any other property; that the attempted sale of it in that manner was for that reason void and ineffectual for any purpose; that while the court might have ordered the land sold discharged of the easement it did not do so, and inasmuch as it in fact ordered a sale subject to the easement, and a sale was so made, the buyer took his title burdened with that encumbrance; that the power of the sheriff was exhausted as soon as he made that sale, and consequently his subsequent proceedings were of no effect; that the right of the owners of the water-works to the continued enjoyment of the easement was therefore unaffected by the foreclosure.

The purpose of the court in ordering separate sales in the foreclosure suit was evidently to protect so far as possible the interests of the holders of the easement. In the contract granting the easement there was no reference to the mortgage; the grantee neither assumed its payment nor in terms accepted the grant subject to it. It was therefore manifestly equitable that the mortgage debt should be made out of the land without disturbing the easement, if this could be done.

As the easement was an interest carved out of that held by the mortgagor the court treated it by analogy as it would have treated a part of the mortgaged tract that had been conveyed away by the mortgagor after making the mortgage, and followed the rule requiring sales of parcels so alienated to be made in the inverse order of their alienation. (2 Jones, Mort. § 1621.)

It is true that a sale of the easement separate and apart from any other property was attended by the practical difficulty that it is not apparent what rights, if any, a stranger could acquire by bidding at such a sale. The purchaser of the land, however, would have an object in bidding in order to increase the value of his purchase by ridding it of an encumbrance, and the owners of the water-works would also have an object in bidding in order to retain their easement. That the competition might be limited to these two interests does not affect the jurisdiction of the court to order the sale. It is not material to inquire whether such an easement was capable of seizure and sale upon execution, for the estate covered by the mortgage was being administered by a court of equity having broad powers to dispose of it in such a manner as to promote substantial justice. The trial court might have avoided the anomaly of causing the sale of the easement as an independent property by ordering that bids should first be asked upon the land, subject to the easement, at a minimum price equal to the charge against it, and that if no such bid should be made it should then be offered without restriction, freed from the encumbrance. It was suggested in *Rector, etc., Christ P. E. Church v. Mack et al.*, 93 N. Y. 488, 45 Am. Rep. 260, that to obtain even such an order a party should tender a bid at the upset price. The course pursued left the easement undisturbed until it had been demonstrated that no one would pay the amount of the mortgage debt for the land charged with this burden, and this

Wykes v. Caldwell.

was the utmost that could have been asked by the parties interested in its preservation.

Although the sheriff's deed effected the extinguishment of the easement, rather than the transfer of the rights under it to another holder, the transaction may properly be described as a sale of the easement. It was a reacquisition by the new owner of the land of the interest therein that had been alienated by the former owner—the payment by him of an additional amount to clear the land of the burden so cast upon it. The judgment of the court expressly cut off the right of all the defendants in or to the land from the time of the sale, and even if erroneous it would still be effective against a collateral attack.

A further contention is made by the plaintiff in error to the effect that the contract with Kimball required the furnishing of water for twenty-one years, in consideration of the grant then made of an easement for that period; that the mortgage was of record, and must be regarded as having been within the contemplation of the parties; that no warranty against it was made; and that the foreclosure of the mortgage and consequent loss of the right to a further enjoyment of the easement did not release the owners of the water-works from the obligation to make payment as they had agreed. The consideration expressed in the agreement, however, for the grant of the right to maintain the dam for twenty-one years was that the grantee should furnish water, not for twenty-one years, but *during the time the contract should continue in force*. To give effect to the words italicized it must be held that when the right to maintain the dam was cut off by the foreclosure sale the obligation to furnish water also ceased.

The defendant in error claims that it should not be held liable upon any theory of the matters already discussed, for the reason that the obligation assumed by

Kimball in the contract did not shift to the city when it purchased the water-works. As the conclusion already announced requires an affirmance of the judgment the question thus suggested need not be decided.

The judgment is affirmed.

All the Justices concurring.