■ HSBC BANK USA, Appellant, v REGIONAL SPECIALTY FOOD MARKETING & DISTRIBUTION SERVICES, INC., et al., Defendants,

and JOSEPH S. NICOSIA, Respondent. [741 NYS2d 791] —Appeal from an order of Supreme Court, Erie County (Fahey, J.), entered May 16, 2001, which, inter alia, granted defendant Joseph S. Nicosia's cross motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion of defendant Joseph S. Nicosia and reinstating the complaint against him and granting that part of plaintiff's motion seeking summary judgment against defendant Joseph S. Nicosia and as modified the order is affirmed with costs to plaintiff.

Memorandum: Plaintiff commenced this action to foreclose its three mortgages on property owned by defendant Regional Specialty Food Marketing & Distribution Services, Inc. (Regional) and subject to an easement granted in favor of defendant Joseph S. Nicosia. Supreme Court denied that part of plaintiff's motion seeking summary judgment determining that Nicosia's easement is subordinate to plaintiff's mortgages and foreclosing such easement interest. The court instead granted Nicosia's cross motion seeking summary judgment, thereby determining that plaintiff's mortgages are subordinate to Nicosia's easement and that such easement shall be unaffected by any judgment or sale in the foreclosure action. The court thus dismissed the complaint in the foreclosure action against Nicosia with prejudice. That was error.

Plaintiff's mortgages are prior in time to the easement granted in favor of Nicosia, and thus we conclude that Nicosia's easement is subordinate to plaintiff's mortgages and must be foreclosed. We agree with plaintiff that the court erred in determining that the February 1999 order of Bankruptcy Court is res judicata on the issue of priority (see generally Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347; Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485; Israel v Wood Dolson Co., 1 NY2d 116, 118) and that such order collaterally estops plaintiff from relitigating the issue of priority in this action (see generally Buechel v Bain, 97 NY2d 295, 304-305; Pinnacle Consultants v Leucadia Natl. Corp., 94 NY2d 426, 431-432; Parker, 93 NY2d at 349). Regional had sought relief from Bankruptcy Court under chapter 11 of the Bankruptcy Code (11 USC) and moved in that court for permission to sell to Nicosia a parcel of vacant land not subject to plaintiff's mortgages. The vacant land adjoined Regional's business premises, which were subject to plaintiff's mortgages. Bankruptcy Court directed the sale of the vacant land to Nicosia "free and clear of all mortgages, liens and encumbrances to which the vacant

land is subject." No request was made to compel plaintiff to subordinate its mortgages to Nicosia's easement over the subject mortgaged property, and the order of Bankruptcy Court did not subordinate plaintiff's mortgages to Nicosia's easement. Thus, the issue of priority was neither litigated nor decided in the bankruptcy proceeding. We therefore modify the order by denying the cross motion of Nicosia and reinstating the complaint against him and granting that part of plaintiff's motion seeking summary judgment against Nicosia. Present—Green, J.P., Pine, Kehoe and Gorski, JJ.