■ BANK OF AKRON, Respondent, v SPRING CREEK ATHLETIC CLUB, INC., et al., Defendants, and ROBERT LEE LOWMAN, JR., Appellant. [59 NYS3d 214]—

Appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered January 5, 2016. The order, among other things, granted the motion of plaintiff for summary judgment, dismissed the answer and counterclaim of defendant Robert Lee Lowman, Jr., and determined the easements held by Robert Lee Lowman, Jr. to be subject to foreclosure.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this mortgage foreclosure action regarding two properties, naming as defendants the property owners and mortgagors, and also Robert Lee Lowman, Jr. (defendant), the recent grantee of solar and wind energy easements in the properties. Defendant appeals from an order that, inter alia, granted plaintiff's motion for an order of reference and summary judgment on its complaint, dismissed defendant's answer and counterclaim, and determined that the easements held by defendant are subject to foreclosure, i.e., are competing interests in the properties that have a lower priority than plaintiff's mortgages. We affirm.

Contrary to defendant's sole contention before Supreme Court, defendant's easements constitute interests in the realty that are subject to foreclosure by plaintiff. A mortgage creates a lien upon the property to the extent of the mortgagor's own interest or title at the time of the giving of the mortgage. Thus, "[t]he effect of the foreclosure [judgment and sale] . . . is to vest in the purchaser the entire interest and estate of mortgagor and mortgagee as it existed at the date of the mortgage, and unaffected by the subsequent [e]ncumbrances and conveyances of the mortgagor" (*Christ Prot. Episcopal Church in City of N.Y. v Mack*, 93 NY 488, 492 [1883]; *see V.R.W., Inc. v Klein*, 68 NY2d 560, 566 [1986]). Given that defendant's easements were not granted and recorded until June 2015, after the subject mortgages were given and recorded in August 2012 and April 2014, respectively, the mortgagors' interests at the time

of the giving of the mortgages included the use or control of the airspace above their properties. Thus, the mortgages are prior in time and right to defendant's easements (*see HSBC Bank USA v Regional Specialty Food Mktg. & Distrib. Servs.*, 294 AD2d 803, 804 [2002]).

Defendant's remaining contentions are raised for the first time on appeal and thus are not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Present—Centra, J.P., Lindley, DeJoseph, NeMoyer and Troutman, JJ.